[Civ. No. 2067.   Fourth Appellate District.—September 27, 1938.]

L. W. COTTINGHAM et al., Respondents, v. L. MONROE SHARPLESS, Appellant.

Burke & Colwell, J. C. Hizar and Tanner, Odell & Taft for Appellant.

Wright, Monroe & Harden for Respondents.

MARKS, J.—This is an appeal from a judgment of the Superior Court of San Diego County removing defendant as a probationary teacher of the Oceanside-Carlsbad Union High School District of that county. The conduct of defendant which formed the subject of complaint occurred in March, 1937. Therefore the 1937 amendments of the School Code are not involved here.

Defendant presents several grounds for reversal of the judgment which may be consolidated as follows: (1) that the trial court possessed no power to remove defendant as a teacher because (a) such power is not conferred upon it by law (sec. 5.654, School Code, Stats. 1935, p. 1885), and (b) that as defendant resigned at the close of the school year 1936–37 he could not be removed from a position he was not occupying at the time of trial in September, 1937; (2) that the evidence is not sufficient to support the findings of misconduct on the part of defendant and to justify his removal as a teacher of the Oceanside-Carlsbad Union High School District which we will hereafter refer to as the district.

The trial court found that defendant was not fit for service as a teacher in the district and that his conduct and inability to control himself and the students justified his dismissal. In the judgment the action of the school board, suspending and preparing to dismiss defendant was approved and he was dismissed as such a teacher.

Defendant strongly urges that the statute (sec. 5.654, School Code) only authorizes the trial court to find and adjudge that defendant was unfit to serve the district as a teacher (secs. 5.650 and 5.680, School Code) and to so render judgment; that thereafter the actual dismissal of the teacher was the exclusive function of the school board. Plaintiffs are equally vigorous in controverting this argument.

While the arguments are interesting we cannot see how they can affect our decision of this case. It is admitted that defendant voluntarily resigned as a teacher, the resig-

nation being effective on June 30, 1937. He was not a teacher of the district and did not claim to have the right to teach in the district in September, 1937, when the case was tried. If we should assume, without holding, that the trial court exceeded its power in dismissing defendant as a teacher, that error, if any, was not prejudicial, as defendant, according to his own argument and admission, had already dismissed himself. An error must result in a miscarriage of justice before it is a sufficient ground for reversal. (Sec. 4½, art. VI, Constitution.) Under the facts before us the error, if any, is immaterial and not prejudicially erroneous.

On March 22, 1937, between twenty and thirty-five students of the district engaged in "horse play". They formed two lines, one on each side of a hall and as a student entered the hall he was shoved from one line to the other. When he had passed the lines he joined one of them and engaged in the horse play. Defendant entered the hall and received the same treatment. At least the first youth who shoved him did not recognize him as a teacher but some of the others did. When defendant was about halfway through the lines he struck three of the students (none of whom had shoved him) in their faces with his clenched fists. He struck one student three times, breaking his nose. After the last blow he asked the students collectively if any of them wanted any more and then departed. Defendant testified that he struck the blows "knowingly, intentionally and not as the result of any blind or instinctive reaction"; that he was not angry and did not lose his temper. Thus we must conclude that defendant deliberately and intentionally struck three youths of high school age in the face with his clenched fists and that those blows were not the result of sudden passion.

Defendant urges that the indignities which he suffered were sufficient to justify his assault on the three students. That the conduct of the students cannot be justified and should not be excused is admitted. Whether that conduct justified the assault which defendant made on the three students was a question of fact addressed to the trial court. From all the facts the trial judge drew the inference that defendant was not justified in making the assaults and was unfitted for service in the school of the district. The law vests in him the right to draw such a reasonable inference from such facts. We cannot disturb that inference when drawn under

the following rule announced in the case of *Mah See* v. *North American Acc. Ins. Co.,* 190 Cal. 421 [213 Pac. 42, 26 A. L. R. 123] :

"This court has frequently held that even though all the facts are admitted or uncontradicted, nevertheless, if it appears that either one of two inferences may fairly and reasonably be deduced from those facts, there still remains in the case a question of fact to be determined by the jury (or by the trial judge where the case is tried without a jury), and that the verdict of the jury or the finding of the trial judge thereon cannot be set aside by this court on the ground that it is not sustained by the evidence. (*Anderson* v. *Los Angeles Transfer Co.,* 170 Cal. 66 [148 Pac. 212].) In so far as the evidence is subject to opposing inferences, it must upon a review thereof be regarded in the light most favorable to the support of the judgment. (*Woodard* v. *Glenwood Lumber Co.,* 171 Cal. 513, 519, 520 [153 Pac. 951]; *Hassell* v. *Bunge,* 167 Cal. 365, 367 [139 Pac. 800].) 'In reviewing a question of this kind, all the inferences reasonably possible from the evidence favorable to the plaintiff [the prevailing party] must be indulged by this court.' (*Bandle* v. *Commercial Bank of Los Angeles,* 178 Cal. 546, 547 [174 Pac. 44, 45].)'

Judgment affirmed.

Barnard, P. J., concurred.