[Civ. No. 2253. Fourth Appellate District.—July 12, 1939.]

FRESNO CITY HIGH SCHOOL DISTRICT, Respondent,
v. MARIETTA DE CARISTO, Appellant.

Robert M. Barnard and Kenneth G. Avery for Appellant.

Dan F. Conway, District Attorney, and W. C. Tupper, Assistant District Attorney, for Respondent.

MARKS, Acting P. J.—This is an appeal from a judgment permitting respondent to dismiss appellant and to terminate her employment as a permanent teacher in the Fresno City High School District.

On December 9, 1937, respondent prepared and had delivered to appellant by United States mail the following notice:

"NOTICE OF INTENTION TO DISMISS EMPLOYEE.

"The Board of Education of the Fresno City High School District charges that there exist the following causes for your dismissal as an employee of said District, to-wit:

"1. That in violation of Subdivision 1 of Section IXa of the Rules and Regulations of said Board of Education, you have failed to familiarize yourself with said rules and regulations.

"2. That in violation of Subdivision 2 of Section IXa of the Rules and Regulations of said Board of Education, you have failed to preserve order and discipline in your classrooms.

"3. That in violation of subdivision 5 of Section IXa of the Rules and Regulations of said Board of Education, you, on October 6, 1937, and on October 21, 1937, absented yourself from school without consent, and that further, in violation of said Subdivision, you, on October 22, 1937, requested a substitute and later on said date, to-wit: October 22, 1937,

refused without proper grounds therefor to allow a substitute to act after one had been assigned in your place.

"4. That you have committed acts of unprofessional conduct, in that you have in the presence and hearing of pupils in the school started disputes with other teachers and severely criticized them.

"5. That for the causes above stated, you are evidently unfit for service, and for the further reason that you do not properly conduct yourself in the presence and hearing of pupils in and out of your classrooms, and in this connection you fly into fits of temper and rage and make unwarranted statements of abuse of pupils and teachers; that you, without cause or justification, accused the Superintendent, Principal and teachers of attempting to and persecuting you, and have made statements to such effect publicly to others.

"WHEREFORE, you are hereby notified that for the causes and reasons above stated and set forth, the undersigned intend to dismiss you at the expiration of thirty days from the date of service hereof.

"DATED this 9th day of December, 1937.

  "BOARD OF EDUCATION OF THE FRESNO CITY HIGH SCHOOL DISTRICT

      "By G. L. AYNESWORTH (Signed)
           President
      "By L. L. SMITH (Signed)
           Secretary

"The following Code Sections are herewith made a part of this:

"School Code, State of California, Article II, Section 5.650–5.651–5.652–5.653–5.654–5.661–5.664–5.665–5.666–5.667."

On January 5, 1938, appellant filed a written demand for a hearing on the charges stated in the notice. Her demand reserved to her the right to object to the sufficiency of the notice and the sufficiency of its service on her.

This action was thereafter instituted by the school district within the time required by law. (Sec. 5.654, School Code.) After a trial on the merits the trial court found the charges true and entered its judgment authorizing the dismissal of appellant.

Section 5.654 of the School Code provides that if the teacher so demands, the school board shall either rescind the charges made or "file a complaint in the superior court of

the county in which the school district or the major part thereof is located, setting forth the charges against such employee and asking that the court inquire into such charges and determine whether or not such charges are true, and if true, whether or not they constitute sufficient grounds for the dismissal of such employee, under the provisions of this code, and for judgment pursuant to its findings''.

It is rather clear from the foregoing quotation that the sole duty of the court is to try the sufficiency of the written charges as made and to determine whether or not the evidence supports those written charges and justifies the dismissal of the teacher. The charges are, in effect, the complaint of the school board against the teacher. They inform her of the grounds upon which the school board expects to remove her as a permanent teacher. She should be called upon to answer those charges and no others. Clearly, the allegations of the complaint and the issues to be tried and determined by the superior court should be confined to and limited by those written charges. It is apparent from the quoted portion of the code section that the action brought by the school district can have no other purpose than a determination of the legal sufficiency of those charges, their truth or falsity, and their sufficiency to justify a dismissal. The powers of the judge presiding in such a case should be limited to those issues. Ordinarily his findings should not go beyond them.

In our consideration of this case we will confine ourselves to a discussion of the sufficiency of the procedure followed by the school board, the sufficiency of the written charges filed, and the sufficiency of the findings of fact to support the judgment.

The grounds for the dismissal of a permanent teacher are found in section 5.650 of the School Code which provides as follows:

''No permanent employee shall be dismissed except for one or more of the following causes: immoral or unprofessional conduct, commission or aiding or advocating the commission of acts of criminal syndicalism, as prohibited by Chapter 188, Statutes of 1919, or in any amendment thereof, dishonesty, incompetency, evident unfitness for service, physical or mental condition unfitting him to instruct and/or associate with children, persistent violation of or refusal to

obey the school laws of California, or reasonable regulations prescribed for the government of the public schools, by the State Board of Education or prescribed by the governing board of the school district employing said employee, or conviction of a felony or of any crime involving moral turpitude.''

The written charges in this case attempt to specify some or all of the following grounds for the removal of appellant: ''unprofessional conduct, . . . incompetency, evident unfitness for service, . . . persistent violation of or refusal to obey the . . . reasonable regulations prescribed for the government of the public schools . . . by the governing board of the school district employing said employee.''

Section 5.650 of the School Code states eleven separate grounds upon which a permanent teacher may be discharged from her employment. It provides that she may be removed upon being found guilty of sufficiently violating any one or several of the provisions of the section.

The generally accepted definitions of the words and phrases which constitute each separate ground of removal overlap so that if the legislature intended that such definitions be given to the words and phrases it used in the section, the same act or omission on the part of a teacher would be a ground for removal under several of its separate subdivisions.

If we use the broad definitions of the terms employed, a teacher who is in a ''physical or mental condition unfitting him to instruct'' would show ''incompetency'' to teach and would also show ''evident unfitness for service''. The section is repetitious and redundant, if we employ such definitions of the terms used.

An examination of the several words and phrases used in the section to establish each separate ground for removal discloses that each refers to some act or omission not necessarily included in any of the others. Thus ''incompetency'' could be held to refer to lack of educational qualifications, or, possessing them, lack of ability to transmit knowledge to pupils. ''Evident unfitness for service'' could refer to temperamental defects or inadequacies. ''Physical or mental conditions unfitting him to instruct'' could refer to physical weakness or disease, or mental deterioration. The use of the word ''condition'' in this phrase would indicate a reference to physical

disease or a mental weakness that is pathological and of some permanence and not of temporary duration. These suggested definitions are given for the purpose of illustration and are not intended to be all-inclusive.

■ It is a cardinal rule of construction that, where possible, every clause and word of a statute should be given effect and meaning. (Sec. 1858, Code Civ. Proc.; *Smith* v. *State Board of Control*, 215 Cal. 421 [10 Pac. (2d) 736]; *County of Los Angeles* v. *Graves*, 210 Cal. 21 [290 Pac. 444]; *Crowe* v. *Boyle*, 184 Cal. 117 [193 Pac. 111]; *Gill* v. *Johnson*, 103 Cal. App. 234 [284 Pac. 510]; *Cory* v. *Cooper*, 117 Cal. App. 495 [4 Pac. (2d) 581].) It is equally true that in construing the component parts of a legislative act the courts should, where possible, give force and effect to each so that the whole act may have life and vitality. (*Ahern* v. *Livermore Union H. S. Dist.*, 208 Cal. 770 [284 Pac. 1105]; *In re Haines*, 195 Cal. 605 [234 Pac. 883]; *People* v. *Rabe*, 202 Cal. 409 [261 Pac. 303].)

■ In order to give each word or phrase of the section effect and meaning and life and vitality we must conclude that the legislature intended to and did employ words and phrases in the sense, and with such a meaning, that each of the eleven stated grounds for removal refer to acts or omissions not necessarily included in the others. This is so because the section makes each separate ground of removal a sufficient cause for the discharge of a permanent teacher. A cause of action for removal is stated by charging an act or omission which falls within only one ground of removal. If the act charged falls within two or more grounds, the accusation could not charge a single offense, that is a single ground of removal, under one subdivision of the section. ■ Further, the statute in question has as its object the termination of a valuable right of a permanent teacher, that of being continued in her employment. Such a statute should be strictly construed. (*Woods-Drury, Inc.,* v. *Superior Court*, 18 Cal. App. (2d) 340 [63 Pac. (2d) 1184].)

■ With these rules of law and this construction of section 5.650 of the School Code in mind we must next consider section 5.652 of that code and its effect on these proceedings. That section provides as follows:

"Governing boards of school districts shall not act upon any charges of incompetency other than incompetency due

to physical or mental disability unless during the preceding term or half school year prior to the date of the filing of such charge, and at least ninety days prior to the date of such filing, the board or its authorized representative shall have given the employee against whom the charge is filed, written notice of such incompetency, specifying the nature thereof with such particularity as to furnish the employee an opportunity to correct his faults and overcome his incompetency."

Sections 5.650 and 5.652 of the School Code were amended and recast by a single legislative act in 1935. (Stats. 1935, p. 1885.) Ordinarily where two code sections containing the same word are amended by the same enactment we would be inclined to hold that the legislature intended to give the same meaning to that word in each section. This ordinarily would be true of the word "incompetency", used in the two sections we are considering. However, in its 1935 amendment to section 5.652 of the School Code the legislature inserted after the word "incompetency", the words "other than incompetency due to physical or mental disability". We must presume that by inserting this phrase the legislature had the intent to change the then existing statute (*People* v. *Weitzel,* 201 Cal. 116 [255 Pac. 792, 52 A. L. R. 811]) as an amendment to a statute is usually designed to either add something to it or to limit its effect. (*Mason* v. *Buck,* 99 Cal. App. 219 [278 Pac. 461].)

The 1935 amendment to section 5.650 showed no intent on the part of the legislature to change the prior meaning of the word "incompetency" as used in that section. The adding of the quoted phrase to section 5.652 shows a clear intent to change and enlarge the definition of that word as used in that section.

Before 1935, there was nothing to indicate that the legislature intended a different definition for "incompetency" as used in one section from that intended by its use in the other. After the 1935 amendment the meaning of the word in section 5.650 remained the same, while in section 5.652 it was given a much broader meaning and by direct enactment was made to apply to a separate ground of removal other than the "incompetency" specified in section 5.650. Therefore, we must conclude that in the 1935 amendment of section 5.652 the legislature used the word "incompetency" in its broad sense and not in the restricted meaning employed

in section 5.650. This is true because words and phrases in a statute are to be given their ordinary and popular meaning unless it appears that the legislature intended that a different construction be placed upon them. (23 Cal. Jur. 730.)

The purpose of section 5.652 of the School Code is to enable a permanent teacher to remedy correctible faults or defects that might be corrected in ninety days and thus prevent discharge. This is in harmony with the entire purpose of the Teachers' Tenure Act which is to insure an efficient permanent staff of teachers for our schools whose members are not dependent upon caprice for their positions as long as they conduct themselves properly and perform their duties efficiently and well.

We believe that section 5.652 of the School Code requires the school board to give the accused permanent teacher ninety days' notice of those of her faults which may be corrected and overcome within that time before taking the action to dismiss her in thirty days as contemplated in sections 5.651, 5.653 and 5.654 of the School Code. While this question was not before the court in *Board of Education* v. *Ballou,* 21 Cal. App. (2d) 52 [68 Pac. (2d) 389], the procedure followed there was in accordance with the views just expressed.

It is rather clear that the stigma of recognized immorality, known dishonesty, conviction of a felony or of a crime involving moral turpitude, or of guilt of criminal syndicalism or sedition could not be removed by ninety days' good behavior. From this we do not wish to imply that all of the other faults mentioned in section 5.650 of the School Code (among them a diseased condition of body or mind) may be correctible.

With this conclusion in mind we must consider the notice of intention to dismiss appellant and determine its sufficiency and whether or not the faults, or any of them, there specified were correctible so as to require notice of those faults and the lapse of ninety days' time within which to correct them before giving the notice leading to actual dismissal.

It is obvious that the first three specifications of faults in the notice were intended to fall under the provisions of section 5.650 dealing with ''persistent violation of or re-

fuṣal to obey . . . reasonable regulations prescribed for the government of the public schools . . . by the governing board of the school district employing'' appellant. This subdivision of the section certainly deals with correctible faults. Such violations may spring from many causes including ignorance of the rules and regulations through lack of opportunity to study them. That kindly admonition and advice by a superior may cause a correction of such deficiencies goes without saying.

Further, the first three paragraphs of the notice of intention to dismiss are insufficient under section 5.650 of the School Code. That section provides that the violation of or refusal to obey the rules and regulations must be *persistent*. There is no intimation in either of the first two paragraphs that the faults there specified were persistent. The third paragraph specifies three purported violations of subdivision two of section IXa of the rules and regulations of the school board.

Two of those violations relate to absences, without leave, from school on October 6 and on October 21, 1937. That rule prohibited a teacher from absenting herself from her scholastic duties without permission ''except in case of sickness''. The notice of dismissal does not state, the amended complaint does not allege, and the findings of fact do not find that these absences from duty were not caused by appellant's sickness.

The other violation of rules set forth in paragraph three of the notice is the refusal to let a substitute act after one had been assigned in appellant's place. That portion of the rule in question which is before us does not touch on the refusal to let a substitute teacher act for a regular teacher. Therefore, this portion of the charges and the finding based upon it may be disregarded. Further, two absences without leave may not be said to be a *persistent* course of conduct.

The other faults specified in the notice of intention to dismiss relate to very serious delinquencies on the part of the teacher. They indicate a quick temper and an uncontrolled tongue. While such faults are not to be excused, often they can be corrected. Many persons have learned to curb their tempers and to control their tongues when confronted with the necessity of so doing.

It is our conclusion that some of the faults charged to appellant are not sufficiently stated in the notice to dismiss; that all of them might be corrected and overcome and that therefore they come within the protective provisions of section 5.652 of the School Code under which the notice of intention to dismiss cannot be given until the lapse of ninety days after the notice to give "the employee an opportunity to correct his faults and overcome his incompetency". (Sec. 5.652, School Code.) No such notice was given appellant.

The findings of fact extend the allegations of paragraphs one and two of the written charges to indicate persistence in the faults there specified.

This appeal is on the judgment roll and the evidence introduced is not before us. Under such circumstances we are required to assume, in support of the regularity of the judgment, that the findings are supported by sufficient evidence. Also we may be required to assume that the evidence of persistency in the faults specified in paragraphs one and two of the charges was admitted without objection. Under these circumstances it may be that the defects in paragraphs one and two of the charges, in stating the faults, have been cured and in themselves do not furnish sufficient grounds for a reversal of the judgment. If our conclusions are correct, that section 5.652 of the School Code requires the giving of the ninety days' notice of correctible faults before the notice to dismiss can be given, and that the faults here charged are correctible, then the failure to give such ninety days' notice is fatal to this action. No such notice was given and all the proceedings here involved were premature. If this is true, the questions of the form and the sufficiency of the charges, the sufficiency of their service on appellant, and any defects in the findings become relatively unimportant and cannot be the controlling factors in this case.

So far as we are advised, the precise questions here considered have not been decided in any reported case in California. They were neither urged nor considered in such cases as *Johnson* v. *Taft School Dist.*, 19 Cal. App. (2d) 405 [65 Pac. (2d) 912], *Board of Education* v. *Jewett*, 21 Cal. App. (2d) 64 [68 Pac. (2d) 404], and *Cottingham* v. *Sharpless*, 28 Cal. App. (2d) 551 [83 Pac. (2d) 59]. In the first two of these cases the charges were filed and the notices given to the teachers before the effective dates of the 1935 amend-

ments to the School Code. Nothing in them necessarily conflicts with the conclusions reached here.

The judgment is reversed.

Griffin, J., concurred.

Barnard, P. J., being disqualified, did not participate herein.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 5, 1939.