121 So.2d 705 (1960)
SUNSHINE STATE NEWS COMPANY, a Florida Corporation, Appellant,
v.
STATE of Florida, Appellee.
No. 60-40.
District Court of Appeal of Florida. Third District.
June 23, 1960.
Rehearing Denied July 5, 1960.
*706 Truett & Watkins, Miami, for appellant.
Richard E. Gerstein, State Atty., Miami, and George Eadie Orr, Asst. State Atty., Miami, for appellee.
HORTON, Chief Judge.
Defendant by this interlocutory appeal seeks review of a temporary injunction and order denying application for bond. The State Attorney, on behalf of the State of Florida, filed a sworn complaint for declaratory decree and injunctive relief pursuant *707 to § 847.01, Fla. Stat., as amended by Chapter 59-360, Acts of 1959, F.S.A. The state alleged that the appellant was engaged in the distribution and sale of magazines, etc., and had in its possession for the purpose of distribution and sale a certain publication which was obscene. The complaint further alleged that said magazine has United States second class mailing privileges. Attached to the complaint were affidavits in support of the allegations of the bill, as well as a copy of the magazine alleged to be obscene.
By its answer, the appellant denied violation of any statute and alleged that the statute involved did not provide for the granting of temporary relief. Upon the sworn bill of complaint, the attached affidavits and the magazine annexed as an exhibit to the bill, the chancellor enjoined the appellant from selling and distributing the subject magazine until further order of the court. Further, the chancellor denied appellant's application to require bond to be posted on behalf of the state as a condition of the issuance of the injunction.
Two questions are raised upon appeal  first, whether the chancellor erred in granting, under § 847.01, subd. (7), injunctive relief against a magazine holding United States second class mailing privileges prior to a declaration of obscenity; and second, whether the chancellor erred in denying appellant's application for bond as a condition for issuance of the temporary injunction.
Inherent in the first question raised by the appellant is the necessity to determine the effect upon § 847.01, subd. (7)[1] of the amendment to this section by Chapter 59-360, supra. The exception as provided in Chapter 59-360 is indicated as subdivision (c) of subsection (1) of § 847.01, and provides:
"This chapter shall not apply to any periodical or other printed matter having United States second class mailing privileges or any periodical or printed matter which may be legally sent through the United States mail until such time as such periodical or printed matter has been determined by a court of competent jurisdiction of this state to be obscene. The attorney general or any county prosecuting attorney, county solicitor, or states attorney of any county in which the sale or distribution of such periodical or printed matter occurs may institute a proceeding in an appropriate court for a declaratory judgment to determine whether such periodical or printed matter is, in fact, obscene. If it is determined in such proceeding that the periodical or printed matter is obscene, the court shall enter an appropriate order adjudicating said periodical or printed matter to be obscene, and thereafter any person who sells or distributes such periodical or printed matter shall be punished as provided by subsection (1); provided further any person who thereafter possesses such periodical or printed matter except for purposes of removing same out of circulation, shall be punished as provided in subsection (1) (b)."
Although we are aware that a statute should be construed in its entirety and as a whole (Realty Bond & Share Company v. Englar, 104 Fla. 329, 143 So. 152) the cardinal rule of statutory construction is that effect must be given to the intent of the legislature. 30 Fla.Jur., Statutes, § 73, and cases collected therein. Further, it is apparent to us that the legislature has made a material change in the statute in subdivision (c) of subsection (1) and from this, the legislature is presumed to have intended some objective. See Blount v. State, 102 Fla. 1100, 138 So. 2, 80 A.L.R. 830, and see also Fresno City High School *708 Dist. v. DeCaristo, 33 Cal. App.2d 666, 92 P.2d 668. Throughout the act and amendatory act, the term "section" is uniformly used in referring to other parts. The lone exception is in subdivision (c) of subsection (1) of the amendatory act in which the legislature used the following language: "This chapter shall not apply * * *." [Emphasis supplied.]
In 1 Sutherland, Statutory Construction, § 1931, that authority said:
"Since an amendment changes an existing statute, the general rule of statutory interpretation that the surrounding circumstances are to be considered is particularly applicable to the interpretation of amendatory acts."
Our Supreme Court has said, in Ideal Farms Drainage Dist. v. Certain Lands, 154 Fla. 554, 19 So.2d 234, that in construing a statute, courts are required to look to the history, objective and purpose of the legislature in examining into their intent. We feel that this can best be done by looking to the preamble[2] and by reading all parts of the statute together. Any uncertainty as to the legislative intent should be resolved by an interpretation that best accords with the public benefits. See Ruff v. Braynon, 159 Fla. 777, 32 So.2d 840, 175 A.L.R. 370.
Our construction of this statute accords with the determination by the chancellor below. We conclude that the words "this chapter" refer only to the present amending act, Chapter 59-360, and not to the act amended by it. Compare Ballester-Ripoll v. Court of Tax Appeals of P.R., 1 Cir., 1944, 142 F.2d 11.
There is nothing to indicate that when the legislature added Chapter 59-360 it intended to expand beyond the scope of the amending act the meaning of the words "this chapter," thereby introducing the exception to the injunctive section of the original act. If the legislature had intended to eliminate the injunctive power afforded by the prior act, we should expect to find clear and positive language to that effect. In the absence of such language, we conclude that the exception contained in Chapter 59-360 is limited to the criminal responsibility under the amendatory act.
As to the appellant's second question, we have examined it and found it to be without merit, particularly in view of the provisions of § 64.021, Fla. Stat., F.S.A. In addition, the appellant has failed to demonstrate that the chancellor's refusal to require bond was an abuse of discretion.
Accordingly, the orders appealed are affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.
NOTES
[1] "The injunctive powers of the courts of this state may be called upon by any county solicitor or state attorney to prevent a threatened violation of this section."
[2] Whereas, publications, photographs, films, and other means of reproduction and representation devoted to the presentation and exploitation of illicit sex, lust, passion, depravity, horror, sadism, crime, terror and immorality are easily obtainable by anyone in this state regardless of age, and

"Whereas, minors under the age of seventeen (17) are often greatly influenced by such articles because of their inability to place them in their proper perspective as outward manifestations of the sadistic and depraved nature of those who produce and distribute them, and
"Whereas, such publications, photographs, films, and other means of reproduction and representation are a contributing factor to juvenile crime and constitute a clear and present danger to the people of this state in that it is a basic factor impairing the ethical and moral development of the youth of this state, and
"Whereas, a primary function of the legislature is to provide and maintain a clean and healthy environment for the people of Florida in which to grow and thrive, and
"Whereas, the elimination of this source of contamination of our youth will tend to destroy this degrading influence and will thereby strengthen the moral fibre of the people of Florida, * * *."