BOARD OF SCHOOL TRUSTEES OF THE CLARK COUNTY SCHOOL DISTRICT, APPELLANT, *v.* JAMES RATHBUN, RESPONDENT.

No. 8572

November 29, 1976         556 P.2d 548

*Robert L. Petroni,* Las Vegas, for Appellant.

*Frank A. Schreck,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant dismissed respondent from a teaching position with

the Clark County School District for alleged unprofessional conduct. On review, the district court ordered respondent reinstated because admonishments required by NRS 391.-313 had not been given for certain conduct specified as grounds for dismissal and other conduct, properly admonished, did not constitute legal cause for dismissal. Here, appellant contends the district court erred in ruling (1) admonishments must be given for each diverse and dissimilar act relied upon as grounds for disciplinary action, and (2) there was no legal cause for respondent's dismissal. We disagree.

1. As a condition precedent to the dismissal of a certificated teacher for unprofessional conduct, NRS 391.313 requires an admonishment be given the teacher to enable him to remedy the cause for potential dismissal.[1] No such admonishments were given for each diverse and dissimilar type of conduct relied upon by appellant as grounds for dismissing respondent. Thus, the district court correctly ruled this conduct could not be considered in the disciplinary action against respondent. Cf. Miller v. Board of Education of School Dist. No. 132, 200 N.E.2d 838 (Ill.App. 1964); Fresno City High School Dist. v. De Caristo, 92 P.2d 668 (Cal.App. 1939).

2. The only conduct admonished in accordance with NRS 391.313 consisted of data respondent placed in an article concerning an incident which occurred at his school. This article, which was prepared for a university class attended by respondent, did not produce any harmful disorganization or chaos among students, teachers, or administrators; and, it did not

[1]NRS 391.313(1) provides:

"1. Whenever an administrator charged with supervision of a certificated employee believes it is necessary to admonish a certificated employee for a reason that he believes may lead to demotion, dismissal or cause the certificated employee not to be reemployed under the provisions of NRS 391.312, he shall:

"(a) Bring the matter to the attention of the certificated employee involved, in writing, and make a reasonable effort to assist the employee to correct whatever appears to be the cause for potential dismissal or failure to reemploy; and

"(b) Except as provided in NRS 391.314, allow reasonable time for improvement, which shall not exceed 3 months for the first admonishment."

adversely affect respondent's ability to perform his duties. As such, it did not constitute a legal cause for dismissal. See: Paulson v. Civil Service Commission, 90 Nev. 41, 518 P.2d 148 (1974); Meinhold v. Clark County School Dist., 89 Nev. 56, 506 P.2d 420 (1973).

Other contentions by appellant are without merit, and we need not consider them.

Affirmed.