PEARSON, Judge.
The single question presented on this appeal by the respondent real estate salesman, *1328 who was found guilty of several false and fraudulent representations to a single client is whether he may be held to have been guilty of a “course of conduct or practices which show that he is so incompetent, negligent, dishonest or untruthful that the money, property . . . may not safely be entrusted to him.” [1]
The findings of the hearing officer, which were adopted by the Commission[2] and which are accepted by the appellant, are in relevant part as follows:
“In November of 1975, Kopf [the appellant] telephoned Mr. Harold E. Triplett, a resident of Pomeroy, Ohio. Mr. Triplett was the owner of two lots in the Cape Coral residential development. Kopf represented to Mr. Triplett that he, Kopf, had a buyer for the Triplett property which was a foreign company seeking tax advantages. Kopf guaranteed that the property would be sold by November 29, 1975.
“November 29 came and went without a closing on the Florida property. This, notwithstanding the fact that Kopf had advised Triplett that the property was already sold and that the $347.20 check that Triplett had sent to Kopf was for closing costs. Triplett tried unsuccessfully to contact Kopf but was advised that the telephone had been disconnected.
“Notwithstanding the fact that FAR [First Allstate Realty Corporation, the company the appellant worked for] had never resold any of its listings Kopf represented to Triplett that he had successfully concluded similar transactions.'
“As to the remaining allegations numbered 1, 3 and 4 above, there was a total absence of evidence and, hence, a failure of proof as to misrepresentations of those facts . . . .”
The hearing officer’s conclusions, which were adopted by the Commission, were:
“Based on the foregoing findings of fact, it is concluded that Kopf violated Subsection 475.25(l)(a), Florida Statutes, by being guilty of misrepresentation, false promises, false pretenses, dishonest dealing, trick, scheme or device in a real estate transaction.
“It is further concluded that by reasons of the foregoing, Kopf is guilty of a course of conduct which shows that he is so dishonest and untruthful that the money, property, transactions and rights of investors or those with whom he may sustain a confidential relation may not safely be entrusted to him. . . . ”
As a result of these findings and conclusions of law, the appellant’s registration as a real estate salesman was revoked. It is important to note that the first paragraph of the hearing officer’s conclusions, finding the appellant guilty of “misrepresentation, false promises, false pretenses, dishonest dealing, trick, scheme or device in a real estate transaction” and, therefore, susceptible to punishment under Section 475.-25(l)(a), Florida Statutes (1977), is not contested on this appeal. This section prescribes suspension as the proper punishment.[3]
*1329 The question remains, as first stated, whether the same conduct may be considered a violation of Section 475.25(3), Florida Statutes (1977), quoted in footnote 1, supra, which provides for revocation of registration as the proper punishment. We hold that the present conduct does not amount to a “course of conduct” as contemplated by Section 475.25(3). The primary reason we reach this conclusion is that to construe the sections as overlapping destroys the obvious purpose of the legislature in dividing the more reprehensible conduct from the single acts of fraud described in the succeeding section. Cf. the legal tenets in Sunshine State News Company v. State, 121 So.2d 705 (Fla. 3d DCA 1960).
While very little precedent has been cited or found for a legal definition of “course of conduct,” we think that for the purposes of this section a course of conduct must be considered as fraudulent representations in more than one transaction. See, e. g., Warkentin v. Kleinwachter, 166 Okl. 218, 27 P.2d 160, 164 (1933); Superior Merchandise Corporation v. Oser, 8 So.2d 770, 773 (La.App.1942); and cf. Commonwealth v. Duncan, 239 Pa.Super. 539, 363 A.2d 803, 805 (1976).
Accordingly, the order of the Commission is reversed and the cause is remanded for the imposition of a suspension of license pursuant to Section 475.25(l)(a), Florida Statutes (1977).
Reversed and remanded.

. § 475.25(3), Fla.Stat. (1977), provides:
“The registration of a registrant may be revoked if the registrant shall, for a second time, be found guilty of any misconduct that warrants his suspension under subsection (1) of this section, or if he shall be found guilty of a course of conduct or practices which show that he is so incompetent, negligent, dishonest or untruthful that the money, property, transactions and rights of investors or those with whom he may sustain a confidential relation, may not safely be entrusted to him.”

. Now known as the Department of Professional Regulation, Investigative Services.

.§ 474.25, Fla.Stat. (1977), provides:
“(1) The registration of a registrant may be suspended for a period not exceeding [2] years, or until compliance with a lawful order imposed in the final order of suspension, or both, upon a finding of facts showing that the registrant has:
“(a) Been guilty of fraud, misrepresentation, concealment, false promises, false pretenses, dishonest dealing, trick, scheme or device, culpable negligence, or breach of trust in any business transaction, in this state or any other state, nation, or territory; has violated a duty imposed upon him by law or by the terms of a listing contract, written, oral, express or im *1329 plied, in a real estate transaction; has aided, assisted, or conspired with any other person engaged in any such misconduct and in furtherance thereof; or has formed an intent, design, or scheme to engage in any such misconduct, and has committed an overt act in furtherance of such intent, design or scheme. It shall be immaterial to the guilt of the registrant that the victim, or intended victim, of the misconduct has sustained no damage or loss or the damage or loss has been settled and paid, after discovery of the misconduct, or whether such victim, or intended victim, thereof, was a customer or a person in confidential relation with the registrant, or was an identified member of the general public; or . . ”