CARSON CITY SCHOOL DISTRICT, BOARD OF TRUSTEES OF CARSON CITY SCHOOL DISTRICT, LEROY RUPERT, BOB THOMAS, RUDOLFO MORENO, WILLIAM FURLONG, DEL LANDING, FRANK MATTHEWS, AND WILLIAM VAN PATTEN, APPELLANTS, *v.* VIVIAN BURNSEN, RESPONDENT.

No. 11278

March 28, 1980                                        608 P.2d 507

---

*Eck, Harkins & Beckett, Ltd.,* of Carson City, for Appellants.

*Arthur J. Bayer, Jr.,* of Carson City, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

For twelve years Vivian Burnsen was employed by the Carson City School Board as a teacher. During that time her performance had been continuously evaluated. Her personnel file containing such evaluations shows her inability to discipline the students, poor lesson planning, and the ineffective use of materials. She was notified of her deficiencies on many occasions. She was offered assistance to improve her performance as a teacher, but rejected such offers. The file also contains many requests from parents that their children be removed from her classroom and taught by someone else. Finally, on February 3,

1978, the principal of Fremont School gave Burnsen a letter informing her that she would not be recommended for a teaching contract for the year 1978–79. On February 7, 1978, the Superintendent of the Carson City School District mailed a notice of intent to recommend non-reemployment for inefficiency, inadequate performance and the failure to show normal improvement and evidence of professional training and growth. Those reasons for non-reemployment are among those specified by NRS 391.312. The notice included a statement that Burnsen had ten days to request a hearing before a commission pursuant to NRS 391.317. She did not timely request a hearing. Instead, she submitted a letter of resignation which was acknowledged on February 17, 1978. Subsequently, on March 10, 1978, she rescinded her resignation.

Burnsen petitioned the district court for a writ of mandamus and at the conclusion of the hearing the court ordered that she be reinstated as a teacher. Statute requires that when an admonition is made for a reason that may lead to dismissal or cause the employee not to be reemployed, the matter shall be brought to the attention of the employee, in writing, and a reasonable time for improvement given.[1] Board of Sch. Trustees v. Rathbun, 92 Nev. 651, 556 P.2d 548 (1976). The February 3 letter from the principal of Fremont School did not advise her of the particular deficiencies in her performance as a teacher, nor did it notify her that she would have a reasonable time within which to improve. It was mainly for this reason that the district court directed reinstatement. This appeal by the school board followed. We reverse.

Although admonishment and a reasonable time for improvement should precede a recommendation that a teacher not be reemployed, the failure to do so is unimportant when the

---

[1]NRS 391.313(1): Whenever an administrator charged with supervision of a certificated employee believes it is necessary to admonish a certificated employee for a reason that he believes may lead to demotion, dismissal or cause the employee not to be reemployed under the provisions of NRS 391.312, he shall:

(a) Bring the matter to the attention of the employee involved, in writing, and make a reasonable effort to assist the employee to correct whatever appears to be the cause for potential dismissal or failure to reemploy; and

(b) Except as provided in NRS 391.314, allow reasonable time for improvement, which shall not exceed 3 months for the first admonition. An admonition issued to a certificated employee who, within the time granted for improvement, has met the standards set for him by the administrator who issued the admonition shall be removed from the records of the employee together with all notations and indications of its having been issued. The admonition shall be removed from the records of the employee not later than 3 years after it is issued.

teacher, after being notified that she would not be recommended for a contract, does not timely request a hearing, and voluntarily submits her resignation. Vivian Burnsen resigned her position as a teacher. Her resignation was acknowledged. In these circumstances the failure fully to comply with NRS 391.313 must be considered meaningless. To hold otherwise exalts form over substance. This we decline to do.

Reversed.

MOWBRAY, C. J., and MANOUKIAN and BATJER, JJ., concur.

GUNDERSON, J., dissenting:

The district court determined that the requirements of NRS 391.313 had not been met in admonitions made to Burnsen before her discharge. NRS 391.313(1) provides that when an admonition is made for a reason which may lead to dismissal, or cause the employee not to be reemployed, the matter shall be brought to the employee's attention, in writing, and a reasonable time for improvement given. Although recommendations for improvement had been given to Burnsen, it had not been suggested to her that such admonitions could lead to non-reemployment. The letter of February 3, 1978, was the first such indication Burnsen received. On February 7, she was informed that she would not be recommended for reemployment.

We have previously held that the statutory admonitions must be "given the teacher to enable him to remedy the cause for potential dismissal." Board of Sch. Trustees v. Rathbun, 92 Nev. 651, 652, 556 P.2d 548 (1976). It follows that the admonitions should be given in such a fashion that the teacher knows that dismissal or non-reemployment may result.

As a result of appellant's lack of compliance with the statutory requirements, all proceedings subsequent to the invalid letter of non-reemployment were prematurely taken, *see* Fresno City High School Dist. v. DeCaristo, 92 P.2d 668 (Cal.App. 1939), and the statutory ten-day limitation period for requesting a hearing was never invoked, *see* Thayer v. Anacortes School District, 504 P.2d 1130 (Wash. 1972). Because Burnsen's resignation clearly resulted from the invalid letter of non-reemployment, it should not stand. *Cf.* Fresno City High School Dist. v. DeCaristo, *supra.*

The district court's granting of the petition for a writ of mandamus should be affirmed.