[No. D009872. Fourth Dist., Div. One. July 24, 1989.]

CAROLYN BLAKE, Plaintiff and Appellant, v.
COMMISSION ON PROFESSIONAL COMPETENCE, Defendant
and Respondent;
CAPISTRANO UNIFIED SCHOOL DISTRICT et al., Real Parties
in Interest and Respondents.

**[Opinion certified for partial publication.[1]]**

[1] Pursuant to California Rules of Court, rules 976.1 and 976(b), this opinion is certified for publication with the exception of parts II through VIII.

**COUNSEL**

Donald W. Odell for Plaintiff and Appellant.

Ronald D. Wenkart, James P. Aynes and Kerry Cunningham for Real Parties in Interest and Respondents and Defendant and Respondent.

OPINION

**WIENER, Acting P. J.**—On February 10, 1987, the Commission on Professional Competence (Commission) dismissed Carolyn Blake from her position as a permanent certified teacher with the Capistrano Unified School District (District) on grounds of unprofessional conduct, evident unfitness for service, and persistent violation of or refusal to obey school laws and regulations. (Ed. Code, § 44932, subds. (a)(1), (a)(5) and (a)(7).)[2] Blake appeals from the superior court order which denied her petition for writ of mandate. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Blake was employed as an English and drama teacher with the District from September 1972 until her dismissal in 1987. She injured her back while performing duties as a classroom teacher in October 1984. As a result of the injury Blake did not work from February 1, 1985, through the remainder of the 1984-1985 school year. She returned to work with the District in September 1985.

On February 10, 1985, Blake received a section 44938 notice of unprofessional conduct from the District which cited 44 instances of unacceptable behavior and failure to follow administrative directives. The notice described Blake's chronic tardiness, use of rude and abusive language with students and colleagues, and failure to maintain appropriate attendance and academic records. Blake stated she was unable to correct the alleged faults because of her extended absence from the classroom due to the back injury and illness.

The District served Blake with its section 44934 notice of intent to dismiss on May 20, 1985, together with a written statement of 55 charges. The notice informed Blake of four grounds for dismissal pursuant to section 44932: 1) unprofessional conduct, 2) dishonesty, 3) evident unfitness for service and 4) persistent violation of or refusal to obey school laws or reasonable regulations. Blake demanded a hearing on the charges.

---

[2]Section 44932 reads in part: "(a)   No permanent employee shall be dismissed except for one or more of the following causes: (1)   Immoral or unprofessional conduct.

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(5)   Evident unfitness for service.

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(7)   Persistent violation of or refusal to obey the school laws of the state or reasonable regulations prescribed for the government of the public schools by the State Board of Education or by the governing board of the school district employing him."

All statutory references are to the Education Code unless otherwise specified.

The Commission convened on June 13, 1985, to meet the 60-day jurisdictional requirement[3] and the hearing was adjourned immediately after the chairman ordered a continuance to November 4, 1985. No evidence was heard. The hearing was later continued to March 3, 1986.

Beginning on March 3 the three-member Commission, consisting of chairman and administrative law judge W. F. Byrnes and members Charles B. Wright and Paul Meyers, heard testimony for ten days. The Commission reached no decision and the matter was continued to September 22, 1986.

Before the Blake hearing resumed in September 1986, Paul Meyers resigned from the Commission without informing the panel of his reasons. Byrnes accepted Meyers's resignation over Blake's objection and appointed Suzanne Lessley to replace him.

The hearing before the newly-composed Commission began as scheduled and continued for 70 days with 2 witnesses repeating their earlier testimony. After the hearings were completed, the Commission found cause to dismiss Blake pursuant to section 44932, subdivisions (a)(1), (a)(5) and (a)(7).

Blake unsuccessfully petitioned for writ of mandate pursuant to Code of Civil Procedure section 1094.5 and this appeal ensued.

DISCUSSION

I

Section 44938 states that the District may not act on any charges of unprofessional conduct ". . . unless at least 45 calendar days prior to the date of the filing, the board or its authorized representative has given the employee against whom the charge is filed, written notice of the unprofessional conduct, specifying the nature thereof with such specific instances of behavior and with such particularity as to furnish the employee an opportunity to correct his or her faults and overcome the grounds for such charge."

▮▮▮ Blake maintains that because she was absent from the classroom due to illness between February 1, 1985, and September 10, 1985, she was deprived of the opportunity to correct her deficiencies and overcome the charge of unprofessional conduct.

The Legislature's continuing concern in the field of education reveals "an accommodation to the different, and occasionally conflicting, pressures

---

[3] Section 44944 states in part: "In a dismissal . . . proceeding initiated pursuant to Section 44934, if a hearing is requested by the employee, the hearing shall be commenced within 60 days from the date of the employee's demand for a hearing."

from interested parties." (*Haase* v. *San Diego Community College Dist.* (1980) 113 Cal.App.3d 913, 917 [170 Cal.Rptr. 366].) Frequently the Legislature is required to balance administrative efficiency against fairness to teachers. Section 44938 and its predecessor, section 13407, represent statutory attempts to accommodate these competing pressures and to give permanent teachers an opportunity to remedy correctable faults in order to mitigate or possibly eliminate grounds for dismissal based on unprofessional conduct. (*Tarquin* v. *Commission on Professional Competence* (1978) 84 Cal.App.3d 251, 257 [148 Cal.Rptr. 522]; see also *Fresno City H. S. Dist.* v. *De Caristo* (1939) 33 Cal.App.2d 666, 674 [92 P.2d 668] (former Sch. Code, § 5.652).)

■ Viewed in this context, we conclude that in contrast with the notice requirement,[4] the portion of section 44938 which pertains to the opportunity to correct behavior is not jurisdictional but merely an evidentiary consideration. There is no express language which states that the governing board must, in addition to providing notice of specific charges, provide the teacher with more than an opportunity to remedy objectionable conduct before it proceeds to act upon that conduct. In the context of this carefully drafted and heavily lobbied legislation, we must assume that had the Legislature intended the "opportunity to overcome his or her faults and overcome the grounds for such charge" to be jurisdictional, it would have said so. Blake's experienced and able appellate counsel has not directed us to any legislative history which suggests we should adopt a different view.

■ Where, as here, a teacher is purportedly unable to take advantage of the opportunity to change behavior due to extended illness, the Commission is not jurisdictionally precluded from taking further action. To hold otherwise would permit a teacher's illness for an indefinite period to render the District powerless to institute dismissal procedures for earlier unprofessional conduct. The Legislature could not have intended such a result.

In reaching this conclusion we distinguish *Tarquin* v. *Commission on Professional Competence, supra,* 84 Cal.App.3d 251. In *Tarquin* the Los Angeles Unified School District served a permanent teacher with notices of unsatisfactory service pursuant to former section 13407 and transferred him to a nonclassroom assignment. The court concluded that the Commission was without jurisdiction to act because two of the notices did not include required performance evaluations, one notice was untimely under section 13407, and the school district's transfer of the employee to a nonclassroom position deprived him of the opportunity to correct his faults. Here notice

---

[4] "The governing board of any school district *shall not act* upon any charges of unprofessional conduct" unless written notice is given to the employee 45 calendar days before the charges are filed. (§ 44938, italics supplied.)

to Blake was both timely and complete. Moreover, we believe the school district's intentional transfer of Tarquin is more correctly characterized as a defect in due process, not jurisdiction.

Although there is no jurisdictional defect here which precluded Commission action, we are nonetheless concerned about the fairness of dismissing a teacher who was allegedly unable to take advantage of her last opportunity to remedy unacceptable behavior because of extended illness. However, after carefully reviewing this record we conclude Blake received adequate notice and participated in a fair hearing. The burden was on Blake to take corrective action once notice was given. (See, e.g., *Perez v. Commission on Professional Competence* (1983) 149 Cal.App.3d 1167 [197 Cal.Rptr. 390].) The record raises questions about the extent to which Blake's own actions prevented her from correcting her faults during the 45-day period following notice from the District. She "was absent from teaching the entire second semester of the 1984-85 school year . . . but never notified the district when she would return, thereby daily violating district rules, acting unprofessionally and disrupting the educational process at the school." Blake admitted she never requested a leave of absence or notified the District she would not be reporting for work. The District was therefore unaware that Blake was going to be away from the classroom for an extended period of time.

Although Blake was unable to submit any evidence of her performance during the 45 days after she received notice of unprofessional conduct, the Commission considered earlier performance evaluations and Blake's failure to remedy deficiencies outlined in those evaluations. Blake's performance did not improve during the 1985-1986 school year when she served as a resident substitute teacher at another school in the District. The Commission found that "[d]espite the herein Accusation then pending against her . . . respondent again reacted with defiance, persisting in her refusal to comply with reasonable rules and directives or to conform her behavior to the legitimate expectations of the District. Thereafter, during the ensuing 1985-86 school year, she was absent 54 days, at least six of them without properly notifying the school, and she was tardy on 42 mornings." Blake does not challenge the factual findings made by the Commission or the court.

Furthermore, even if we were to conclude the Commission lacked jurisdiction to consider the charges of unprofessional conduct against Blake because she was unable to remedy the deficiencies due to illness, the Commission was not barred from considering the common factual allegations as a basis for dismissal on grounds of evident unfitness for service and persistent violation or refusal to obey school laws and reasonable regulations. ■ A particular act or omission may constitute more than one of

the causes for his removal under section 44932. (*Bevli* v. *Brisco* (1985) 165 Cal.App.3d 812, 817-818 [212 Cal.Rptr. 36]; *Perez* v. *Commission on Professional Competence, supra,* 149 Cal.App.3d at p. 1175.)

## II-VIII*

. . . . . . . . . . . . . . . . . . . .

## DISPOSITION

Judgment affirmed.

Huffman, J., and Nares, J., concurred.

---

*See footnote 1, *ante,* page 513.