[Civ. No. 31157. First Dist., Div. Three. Mar. 14, 1974.]

LIVERMORE VALLEY JOINT UNIFIED SCHOOL DISTRICT OF ALAMEDA COUNTY AND CONTRA COSTA COUNTY, Plaintiff and Respondent, v.
ABRAHAM FEINBERG, Defendant and Appellant.

## COUNSEL

Malcolm Burnstein, LaCroix & Schumb and Joseph G. Schumb, Jr., for Defendant and Appellant.

Charles C. Marson and Peter E. Sheehan as Amici Curiae on behalf of Defendant and Appellant.

Richard J. Moore, County Counsel, and William R. Johnston for Plaintiff and Respondent.

## OPINION

**DRAPER, P. J.**—Respondent district sought and was granted judicial authorization to discharge appellant upon grounds of unprofessional conduct, evident unfitness for service, and persistent violation of school laws and regulations. (Ed. Code, § 13403, subds. (a), (e) and (g); § 13403.5.) The teacher appeals.

Appellant points to a statute (Ed. Code, § 13407) which requires written notice of the "unprofessional conduct . . . specifying the nature thereof with such specific instances of behavior and with such particularity as to furnish the employee an opportunity to correct his faults and overcome the grounds for such charge." This notice is required to be given at least 90 days before the filing of charges. The final sentences of the section,

however, provide that " '[u]nprofessional conduct' . . . as used in this section means, and refers only to, the unprofessional conduct . . . particularly specified as a cause for dismissal in Section 13403 . . . ." Since no written notice was given, it follows that, if section 13407 applies, the filing of charges against appellant was premature and the judgment must be reversed.

Here, however, the charge of unprofessional conduct was specifically made under section 13403.5. Because neither section 13403, subdivision (a), nor section 13403.5 defines or expands in any way upon the term "unprofessional conduct," nor describes nor details the acts constituting such conduct, it is impossible to distinguish the "unprofessional conduct" referred to in one section from that in the other. Hence, the limitation of section 13403.5 to "unprofessional conduct consisting of acts or omissions other than those specified in section 13403" is meaningless. A cardinal rule of statutory construction requires us to give effect to all words of a statute when that is possible. Here, however, the obvious purpose of section 13407 is to give an errant teacher 90 days in which to mend his ways. To give literal effect to the final sentence of section 13407 would be to distinguish between two identical grounds for dismissal. It would permit astute counsel to avoid the notice requirement by labelling a single ground for dismissal under one section rather than its identical twin. Endorsement of such a triumph of mere form is unattractive. We recognize that the same chapter (Stats. 1965, ch. 2001) which adopted section 13403.5 as a presumably separate ground of discharge, also reenacted that portion of section 13407 which limits the notice requirement to the "unprofessional conduct . . . particularly specified as a cause for dismissal in section 13403." This is by no means the least of the contradictions and confusions of the Education Code. We feel compelled to resolve this one by holding that the notice described in section 13407 is required for a charge of unprofessional conduct, whether it be labeled as one under section 13403, subdivision (a) or section 13403.5.

It has long been recognized that a particular act or omission may constitute all three of the grounds of dismissal here charged (*Board of Education* v. *Swan,* 41 Cal.2d 546, 551 [261 P.2d 261], overruled on other grounds *Bekiaris* v. *Board of Education,* 6 Cal.3d 575 [100 Cal.Rptr. 16, 493 P.2d 480]). Here, the great bulk of the specific deficiencies charged and proven against appellant fall within the term "unprofessional conduct," even though they may also go to establish either "evident unfitness" or "persistent disregard of regulations." It follows that we cannot attribute the judgment to grounds other than unprofessional conduct, and

must reverse the judgment in its entirety (see *Fresno City H. S. Dist.* v. *De Caristo,* 33 Cal.App.2d 666, 674 [92 P.2d 668], decided under a predecessor statute).

Judgment reversed.

Brown (H. C.), J., and Devine, J.,* concurred.

A petition for a rehearing was denied April 12, 1974, and respondent's petition for a hearing by the Supreme Court was denied May 8, 1974.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.