[Civ. No. 52474. Second Dist., Div. Four. Aug. 24, 1978.]

DONALD F. TARQUIN, Plaintiff and Respondent, v.
COMMISSION ON PROFESSIONAL COMPETENCE et al.,
Defendants and Respondents;
GOVERNING BOARD OF THE LOS ANGELES CITY UNIFIED
SCHOOL DISTRICT et al., Real Parties in Interest and Appellants.

**COUNSEL**

John H. Larson, County Counsel, and Steven J. Carnevale, Deputy County Counsel, for Real Parties in Interest and Appellants.

Trygstad & Odell, Lawrence B. Trygstad and Richard J. Schwab for Plaintiff and Respondent.

No appearance for Defendants and Respondents.

## Opinion

ALARCON, J.—The Los Angeles City Unified School District (herein-after District) and its governing board appeal from a judgment which ordered the issuance of a writ of mandate commanding the Commission on Professional Competence (hereinafter Commission) to set aside its decision dismissing respondent Donald Tarquin, a permanent certificated school teacher employed by the District. We reverse the judgment.

The record of the administrative proceedings before the Commission was received into evidence in the mandamus proceeding. That record discloses the following facts: Since 1965 respondent has been a perma-nent certificated employee of the District primarily teaching mathematics. After teaching in high schools from 1965 through the 1970-1971 school year, respondent was transferred to the junior high school level, where he taught from 1972 to December 1974. On December 10, 1974, the District served upon respondent written notice of unsatisfactory service. The notice charged respondent with incompetency (among other alleged deficiencies) and recommended that he be discontinued from service with the District. Attached to the notice was a specification of charges setting forth the specific instances of behavior alleged to constitute incompetency on respondent's part. In December 1974 (presumably following the notice of unsatisfactory service), respondent was transferred to a nonclassroom teaching assignment, and was not thereafter reassigned to classroom teaching. On May 13, 1975, the Board of Education of the City of Los Angeles served on respondent written notice of its intention to dismiss him. Such notice was accompanied by a written statement of the charges against respondent, together with a specification of the instances of his behavior which formed the basis of the charges. The causes for dismissal specified in the statement of charges were the following: (1) incompe-tency; (2) evident unfitness for service; and (3) persistent violation of, or refusal to obey, the school laws of the state or reasonable regulations prescribed for the government of public schools by the State Board of Education or by the governing board of the school district employing respondent. (Ed. Code, § 13403, subds. (d),(e),(g).) Respondent timely demanded a hearing on the charges. Thereafter, on June 18, 1975, an accusation against respondent was filed and served by the District. The accusation incorporated the charges contained in the notice of May 13, 1975, and prayed that respondent be dismissed from his employment as a permanent certificated employee of the District. Respondent timely filed a notice of defense and a special notice of defense, requesting a hearing and objecting specifically and generally to the accusation. Respondent's

special defenses in the form of objections to the accusation were argued on July 18, 1975, before the Commission. By interim order dated August 7, 1975, such objections were overruled without prejudice to their renewal at the time of further hearing. On October 27, 1975, without objection, an amended accusation was filed deleting certain of the allegations contained in the original accusation. The matter then proceeded to hearing on the amended accusation. At the hearing respondent objected to the introduction of evidence under the amended accusation on the ground that the written notice of unsatisfactory service given respondent on December 10, 1974, did not comply with the requirements of Education Code section 13407, and therefore the Commission was without jurisdiction to proceed on the charges against respondent. The objection was overruled without prejudice to its later renewal in the form of a motion to strike. The hearing thereafter proceeded, consuming six days. At the conclusion of the hearing, respondent moved to strike the evidence received in support of the amended accusation. The motion was denied on the ground that there was substantial compliance with the requirements of Education Code section 13407 regarding the charge of incompetency.

In its findings of fact, the Commission sustained, in whole or in part, 34 of the 47 charges alleged in the amended accusation. Based upon these findings, the Commission determined that cause existed for respondent's dismissal on grounds of incompetency, evident unfitness for service, and persistent violation of, and refusal to obey, reasonable regulations prescribed by the governing board of the District. Accordingly, the Commission ordered that respondent be dismissed from his employment as a permanent certificated teacher.

Respondent commenced a proceeding in mandamus (Code Civ. Proc., § 1094.5) to compel the Commission to set aside its decision. In that proceeding, the trial court found as follows: the Commission's determination that there was substantial compliance with the requirements of Education Code section 13407 is not supported by the weight of the evidence; appellants (real parties in interest) did not comply with section 13407 in that they did not give respondent an opportunity to correct his faults and to overcome the grounds for the charges of incompetency during the preceding term or half school year prior to May 13, 1975; appellants further failed to comply with section 13407 in that they did not provide respondent with an evaluation of his performance pursuant to Education Code section 13485 et seq.; the Commission proceeded without jurisdiction by receiving evidence of respondent's incompetency

in the absence of compliance with Education Code section 13407; the receipt of such evidence resulted in denial of a fair trial to respondent within the meaning of Code of Civil Procedure section 1094.5, subdivision (b). Judgment was entered ordering the issuance of a writ of mandate commanding the Commission to set aside its decision dismissing respondent.

On this appeal from the judgment, appellants contend that they complied with Education Code section 13407. Alternatively, they argue that a lack of such compliance would not have affected the right of the Commission to proceed against respondent on charges other than incompetency and to order his dismissal upon the sustaining of such charges. Appellants' first contention is without merit. However, their alternative contention is valid, and we therefore reverse the judgment.

I

■ At the time of the proceedings herein, Education Code section 13407[1] provided: "The governing board of any school district shall not act upon any charges of unprofessional conduct or incompetency unless during the preceding term or half school year prior to the date of the filing of the charge, and at least 90 days prior to the date of the filing, the board or its authorized representative has given the employee against whom the charge is filed, written notice of the unprofessional conduct or incompetency, specifying the nature thereof with such specific instances of behavior and with such particularity as to furnish the employee an opportunity to correct his faults and overcome the grounds for such charge. The written notice shall include the evaluation made pursuant to Article 5.5 (commencing with Section 13485) of this chapter, if applicable to the employee. 'Unprofessional conduct' and 'incompetency' as used in this section means, and refers only to, the unprofessional conduct and incompetency particularly specified as a cause for dismissal in Sections 13403 and 13403.5 and does not include any other cause for dismissal specified in Section 13403."

■ The purpose of section 13407 is to give a permanent employee at least 90 days within which to correct his conduct alleged to constitute

[1] This statute now appears as section 44938 of the reorganized Education Code (Stats. 1976, ch. 1010, as amended by ch. 1011, eff. Apr. 30, 1977), which also renumbered other sections of that code. In this opinion, all Education Code sections will be referred to by the numbers which they bore prior to enactment of the reorganized code, inasmuch as those section numbers were in effect at the time of the proceedings herein.

incompetency, and thus prevent his discharge on that ground. (See *Livermore Valley Joint Unified Sch. Dist.* v. *Feinberg* (1974) 37 Cal.App.3d 920, 922 [112 Cal.Rptr. 923]; *Fresno City H. S. Dist.* v. *De Caristo* (1939) 33 Cal.App.2d 666, 674 [92 P.2d 668].) In the present case appellant District served upon respondent, on December 10, 1974, a notice of unsatisfactory service based in part upon his alleged incompetency. That same month, respondent was relieved of his classroom teaching duties and assigned to a nonteaching position, and was not thereafter reassigned to classroom teaching. Thus, while the notice of unsatisfactory service was given to respondent within the period specified in section 13407, it is apparent that respondent's removal from his teaching assignment deprived him of the opportunity to correct his deficiencies alleged to constitute incompetency. Appellants argue that because respondent, on June 12, 1974, was given a notice of unsatisfactory service based in part on incompetency, he had ample opportunity to correct his conduct prior to the filing, on May 13, 1975, of the written charges including incompetency. Section 13407 expressly provides that before acting on a charge of incompetency against an employee, the governing board of a school district must give the employee notice of his alleged incompetency "during the preceding term or half school year prior to the date of the filing of the charge." Accordingly, the notice of unsatisfactory service given to respondent on June 12, 1974, did not qualify as notice within the preceding term or half year school year prior to May 13, 1975. We note further that the June 12, 1974, notice did not recommend *respondent's dismissal as did the notice of December 10, 1974*; instead, it was recommended in the June 12, 1974, notice that he be retained in service in another school. Accordingly, the notice of unsatisfactory service of June 12, 1974, did not warn respondent that failure to correct his shortcomings alleged in that notice could result in his dismissal from service.

 Section 13407 further provides that a written notice of the incompetency of an employee must include, if applicable to the employee, an evaluation of his performance made pursuant to Education Code section 13485 et seq. (the Stull Act). The Stull Act was designed to "establish a uniform system of evaluation and assessment of the performance of all certificated personnel . . . ." (Ed. Code, § 13485.) The Act requires evaluation and assessment of each permanent certificated employee at least every other year, and a conference with the employee concerning the evaluation. (Ed. Code, § 13489.)[2] The record herein

---

[2]Education Code section 13489 provides in pertinent part: "Evaluation and assessment of the performance of each certificated employee shall be made on a continuing basis, at

discloses that respondent, a permanent certificated employee of appellant District, was given a Stull Act evaluation in the 1972-1973 school year. Thus, under the provisions of section 13489, he should have been given another evaluation during the 1974-1975 school year. This was not done.[3] Since respondent was due for an evaluation during the school year in which he was given notice of his alleged incompetency, such an evaluation was "applicable to [him]" within the meaning of section 13407 and, under that statute, was an express precondition to his dismissal on the ground of incompetency. (See *Grant* v. *Adams* (1977) 69 Cal.App.3d 127, 134-135 [137 Cal.Rptr. 834].)

■ We conclude that, under section 13407, appellants were without jurisdiction to proceed against respondent on charges of incompetency for the following reasons: (1) The notice of unsatisfactory service of December 10, 1974, did not include a Stull Act evaluation of respondent's performance as required by section 13407. (2) The notice of unsatisfactory service of June 12, 1974, did not include Stull Act evaluation of respondent's performance. Thus the Board was powerless to act on charges of incompetency because of the absence of a Stull evaluation in the notices of unsatisfactory service of June 12, 1974, and of December 10, 1974. (3) The notice of unsatisfactory service of June 12, 1974, was not served during the term or half school year preceding the filing of charges of incompetency on May 13, 1975, as required by section 13407. Therefore the Board could not act on charges of incompetency filed May 13, 1975, based on the June 12, 1974, notice. (4) The transfer of the respondent to a nonteaching position in December 1974 deprived respondent of the opportunity of at least 90 days in which to correct his faults on the grounds for the charge of incompetency.

least once each school year for probationary personnel, and at least every other year for personnel with permanent status. The evaluation shall include recommendations, if necessary, as to areas of improvement in the performance of the employee. In the event an employee is not performing his duties in a satisfactory manner according to the standards prescribed by the governing board, the employing authority shall notify the employee in writing of such fact and describe such unsatisfactory performance. The employing authority shall thereafter confer with the employee making specific recommendations as to areas of improvement in the employee's performance and endeavor to assist him in such performance. . . ."

[3]The Commission found that procedures for the evaluation and assessment of respondent's performance were initiated before notice of unsatisfactory service was given to respondent on December 10, 1974, by requesting that respondent complete and submit to his principal a planning sheet as a first step in the evaluation and assessment process. Respondent submitted a partially completed planning sheet, which was rejected by the evaluator. No further steps were taken regarding the evaluation and assessment of respondent's performance.

## II

The failure of appellants to comply with the provisions of section 13407 precluded them only from proceeding against respondent on the charge of incompetency. As to the remaining charges (evident unfitness for service and persistent violation of school laws and regulations), the requirements of section 13407 were inapplicable. The Board had jurisdiction to proceed on those grounds for removal which did not involve incompetency. "Unfitness" and "incompetency" constitute discrete grounds for dismissal of a teacher. "An examination of the several words and phrases used in the section [now Ed. Code, § 13403] to establish each separate ground for removal discloses that each refers to some act or omission not necessarily included in any of the others. Thus 'incompetency' could be held to refer to lack of educational qualifications, or, possessing them, lack of ability to transmit knowledge to pupils. 'Evident unfitness for service' could refer to temperamental defects or inadequacies." (*Fresno City H. S. Dist.* v. *De Caristo, supra,* 33 Cal.App.2d 666, 671.)

The trial court concluded as a matter of law that, absent compliance with section 13407, the receipt of evidence of incompetency tainted the entire proceeding against respondent, thereby denying him a fair hearing. There is no evidence to support this conclusion. It is true that a particular act or omission on the part of a teacher may constitute more than one of the causes for his removal specified in Education Code section 13403.[4] (*Board of Education* v. *Swan* (1953) 41 Cal.2d 546, 550-551 [261 P.2d 261], disapproved on another point in *Bekiaris* v. *Board of Education* (1972) 6 Cal.3d 575, 587-588, fn. 7 [100 Cal.Rptr. 16, 493 P.2d 480]; *Livermore Valley Joint Unified Sch. Dist.* v. *Feinberg, supra,* 37 Cal.App.3d at p. 922.) Nevertheless, each of the causes for removal specified in section 13403 refers to acts or omissions not necessarily included in the others. This is so because the section makes each separate ground for removal a sufficient cause for the discharge of a permanent teacher. (See *Fresno City H. S. Dist.* v. *De Caristo, supra,* 33 Cal.App.2d at pp. 671-672.)

---

[4] Education Code section 13403 provides in part: "No permanent employee shall be dismissed except for one or more of the following causes: . . . [¶] (d) Incompetency. [¶] (e) Evident unfitness for service. . . . [¶] (g) Persistent violation of or refusal to obey the school laws of the state or reasonable regulations prescribed for the government of the public schools by the State Board of Education or by the governing board of the school district employing him."

The Commission sustained, in whole or in part, 34 of the charges against respondent contained in the amended accusation. Of these charges, nine alleged unfitness, five alleged unfitness and persistent violation of school laws and regulations, nineteen alleged incompetency and unfitness, and one alleged incompetency alone. Thus, 14 of the charges sustained by the Commission were based on grounds other than incompetency—namely, evident unfitness for service and persistent violation of school laws and regulations. The charges alleging evident unfitness for service sustained by the Commission were based upon the following acts: respondent made an obscene gesture to a female pupil; he threw an eraser at a male pupil; he kicked a chair from under a pupil; he told a pupil in his class to "shut up"; he stated in front of his class that a certain named female pupil's mother had told him that the pupil was lazy and failed to do her work; he told a pupil to "just sit down and be quiet" when the pupil requested assistance; he called a female pupil "Fat Minnie" in front of the class; on three separate occasions, he called another female pupil "obstinate," "stupid" and "idiot" in front of the class; he was unable to identify a pupil who had been in his class for 10 weeks. The Commission sustained charges alleging a combination of evident unfitness and persistent violation of school laws and regulations (i.e., Board of Education rule 2268 governing corporal punishment)[5] based on the following acts: respondent shoved a male pupil during a fire drill, causing him to stumble; he took a male pupil by the arms and shook him, and pushed a desk at the pupil; he intentionally pushed a male pupil against the classroom wall; he kicked a female pupil in the knee. None of the foregoing acts of respondent formed the basis of any charge sustained by the Commission which alleged incompetency.[6] At the hearing, evidence on each charge was presented separately, so that

[5]Board of Education rule 2268 provides: "Corporal punishment, which is not prohibited by law, may be administered to a pupil only after milder measures have failed and after the nature of the offense has been fully explained to the pupil. Corporal punishment, when administered by a teacher, shall be in the presence of the principal or vice-principal; and, when administered by the principal or vice-principal, shall be in the presence of some adult witness. [¶] Any form of punishment which might injure the physical well-being of the pupil, such as striking him on the head, slapping his face, boxing or pulling his ear, or severely shaking him is prohibited. (See Penal Code sec. 273A)"

[6]For example, the amended accusation included eight charges alleging a combination of incompetency and evident unfitness for service in that, on various enumerated dates, respondent was unable to control the pupils in his class and to maintain reasonable order and discipline. The Commission sustained these charges upon its finding that, on the specified dates, respondent permitted the pupils in his class to become and remain noisy to the extent that teaching in the adjoining classroom was disturbed and interfered with. Another charge of combined incompetency and unfitness alleged that on 18 separate occasions, the lesson plans which respondent submitted to the principal were incomplete,

evidence on the charges of evident unfitness for service, or evident unfitness and persistent violation of the rule governing corporal punishment, did not include evidence on any charge based on incompetency. Under these circumstances, it cannot be said that admission of evidence on charges of incompetency deprived respondent of a fair hearing on the remaining charges.

Respondent's petition for writ of mandate alleged that the evidence failed to support six of the Commission's findings sustaining charges of evident unfitness and persistent violation of school laws and regulations. Because of its conclusion that respondent was denied a fair hearing, the trial court did not determine whether the challenged findings were supported by the evidence.

The judgment ordering the issuance of a writ of mandate directing the Commission to set aside its decision dismissing respondent is reversed. The trial court is directed to review the decision of the Commission ordering dismissal of the respondent based on the charges of evident unfitness for service and persistent violation of or refusal to obey reasonable regulations prescribed for the government of public schools by the governing board of the school district and to exercise its independent judgment as to the sufficiency of the evidence.

Files, P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied September 14, 1978, and the petition of the plaintiff and respondent for a hearing by the Supreme Court was denied October 18, 1978.

---

of poor quality, and disorganized. The Commission found that a number of the lesson plans submitted by respondent were as alleged.