[Civ. No. 58126. Second Dist., Div. Four. Jan. 16, 1981.]

EDNA McKEE, Plaintiff and Appellant, v.
COMMISSION ON PROFESSIONAL COMPETENCE et al.,
Defendants and Respondents;
GOVERNING BOARD OF THE MANHATTAN BEACH CITY
SCHOOL DISTRICT et al., Real Parties in Interest and Respondents.

## Counsel

Lawrence B. Trygstad, Richard J. Schwab and Steve C. Suzukawa for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Whitmore & Kay and M. Carol Stevens for Real Parties in Interest and Respondents.

## Opinion

**LAIDIG, J.***—This is an appeal from a judgment denying a peremptory writ of mandamus. We affirm.

Appellant Edna McKee, a permanent certificated teacher of the Manhattan Beach City School District, was dismissed as such employee by determination of the respondent Commission on Professional Competence (Commission). She filed a petition for writ of mandate in the superior court seeking to set aside such decision on the ground that the respondent Commission lacked jurisdiction to receive evidence of appellant's alleged incompetence without requiring compliance with Education Code section 44938 (formerly Ed. Code, § 13407).

---

*Assigned by the Chairperson of the Judicial Council.

Appellant was employed as a permanent certificated employee of the Manhattan Beach City School District by written contract. On February 1, 1977, the governing board caused a notice to be served on appellant charging her with unprofessional conduct for incompetency pursuant to section 44938 of the Education Code. On May 11, 1977, the governing board of the school district gave appellant written notice for her dismissal. On or about June 9, 1977, appellant requested in writing a hearing to determine if there was cause for her dismissal. The superintendent of the school district filed an accusation with the governing board on July 13, 1977, setting forth the grounds for dismissal. Hearings were conducted before the respondent Commission on Professional Competence on several dates.

On August 1, 1978, the Commission by a two-to-one vote rendered a decision ordering that appellant be dismissed. On August 16, 1978, the governing board of the school district adopted the finding and decision of the Commission as its own. On August 30, 1978, appellant filed a petition in superior court for writ of mandate seeking to compel the Commission to set aside its decision. On March 19, 1979, the superior court entered judgment denying the peremptory writ of mandamus after which appellant filed the appeal which we now consider.

The sole issue of import involves the interpretation and application of Education Code section 44938 (formerly Ed. Code, § 13407), which reads in pertinent part: "The governing board of any school district shall not act upon any charges of unprofessional conduct or incompetency unless during the preceding term or half school year prior to the date of filing of the charge, and at least 90 days prior to the date of the filing, the board or its authorized representative has given the employee against whom the charge is filed, written notice of the unprofessional conduct or incompetency, specifying the nature thereof with such specific instances of behavior and with such particularity as to furnish the employee with an opportunity to correct his faults and overcome the grounds for such charge...."

■ It is the purpose of the statute to give a permanent employee at least 90 days in which to correct his conduct alleged to constitute incompetency and thus to prevent his discharge on that ground. (*Tarquin v. Commission on Professional Competence* (1978) 84 Cal.App.3d 251 [148 Cal.Rptr. 522].) Failure to give the teacher such minimum written notice will deprive the district of authority to discharge a teacher on grounds of unprofessional conduct or unfitness for service. (*Livermore*

*Valley Joint Unified Sch. Dist.* v. *Feinberg* (1974) 37 Cal.App.3d 920 [112 Cal.Rptr. 923].)

Appellant asserts that the statute in question sets up two absolute conditions before a teacher can be discharged for unprofessional conduct for incompetency: (1) The governing board must give notice during the preceding term or half school year, and (2) The notice must be given at least 90 days prior to the date of filing the charge.

 Appellant contends that although the 90-day requirement was met, the notice was not given within the period of time prescribed by the statute, to wit, "during the preceding term or half-school year."

The term "school year" is defined in section 37200 of the Education Code: "The school year begins on the first day of July and ends on the last day of June."

Appellant refers the court to a declaration of Don Ryckman, director of administrative services for the school district, in which he states that during the 1976-1977 school year there were 176 student class days scheduled; classes commenced September 13, 1976, and terminated June 16, 1977. February 1, 1977, was the 87th day of the school year; the district did not have the school year divided into terms or semesters.

Appellant contends that because the district did not have the year divided into terms or semesters the word "term" must be disregarded and section 44938 should be construed, under the circumstances of this proceeding, to require that the notice be filed within the preceding *half-school year*. Appellant concludes that the last day within the allowable period for filing of the notice was December 31, 1976, applying the definition contained in section 37200.

She asserts that since the notice was not served within the period permitted it was fatally defective and that the school district was without jurisdiction to entertain the charges thereafter filed. (*Tarquin* v. *Commission on Professional Competence, supra,* 84 Cal.App.3d 251; *Livermore Valley Joint Unified Sch. Dist.* v. *Feinberg, supra,* 37 Cal. App.3d 920; *Fresno City H.S. Dist.* v. *De Caristo* (1939) 33 Cal. App.2d 666 [92 P.2d 668].)

We feel it inappropriate to use section 37200 in the manner advocated. This section appears to have been intended to deal with teachers'

salaries or other fiscal considerations, not with matters such as the giving of notice preliminary to a dismissal procedure. (See, e.g., *Williams v. Bagnelle* (1903) 138 Cal. 699 [72 P. 408]; *Gerritt v. Fullerton U. H. School Dist.* (1938) 24 Cal.App.2d 482 [75 P.2d 627]; 54 Ops.Cal.Atty. Gen. 269 (1971).)

■ The word "year" may be flexible in meaning in accordance with the context in which it is used. "Ordinarily, the term 'year,' when used in a statute, means a period of 365 days. But its meaning in all cases is dependent on the subject matter and the connection in which it is used. It may mean a period of 12 months, commencing on a day other than January 1, or it may mean a political year or a period between two elections, a year of office, a school year, a fiscal or excise year, a year of age, or a theatrical season. The 'calendar year' is January 1 to December 31, inclusive. [Fn. omitted.]" (59 Cal.Jur.3d 317, and authorities there cited.)

■ Section 44938 is included in title 2 (Elementary and Secondary Education), division 3 (Local Administration), part 25 (Employees), chapter 4 (Employment-Certificated Employees), of the Education Code. This portion of the code establishes a scheme of dismissal statutes and contemplates that a school district will have the opportunity to observe a teacher instructing classes prior to a determination to send a notice under 44938. Obviously that opportunity will exist only during the time that classes are in session. Under appellant's definition of a "half school year," the first term would be in session from approximately September 14 through December 15, a total of three months, and a second term would continue from January 1 through approximately June 16, for a total of about five and one-half months. We feel this would result in a distortion of the meaning of "term" and "half school year" as they are used in section 44938.

The trial court pointed out the incongruity of the interpretation for which appellant contends: "Let me go a little further with the question.

"Assuming that it is correct that the school district does not have two semesters but has only a school year, it seems to me that the interpretation, the obvious interpretation of 44938 is to speak in terms of half an educational year, not half of a fiscal year for the many reasons that have been pointed out in the responding papers.

"First, the fiscal year begins in July and by statute the school district is precluded from serving notices upon teachers between July and the start of the academic year.

". . . . . . . . . . . . . . .

"In any event, the school academic year starts September 15 and for three months before that time, the teacher is not even teaching. So how in the world would they be concerned with the proficiency of a teacher who is not teaching? How could they tell?

"The academic year runs from September to June, so you have to give notices for the time between September 15 and January 1 when the academic year is not yet half over, and that does not seem to me to make sense."

■ Where a word is not defined by a statute, the purpose and context of a statute should be consulted to ascertain the meaning intended by the Legislature. (*People* v. *Berry* (1956) 147 Cal.App.2d 33, 37 [304 P.2d 818]; *People* v. *Asamoto* (1955) 131 Cal.App.2d 22, 29 [279 P.2d 1010].) Section 2 of the Education Code states that, ". . . all proceedings under it are to be liberally construed, with a view to effect its objects and to promote justice."

We feel that in the instant case the purpose of section 44938 is best served by the interpretation given it by the trial court. A contrary conclusion would result in an absurdity which should be avoided. (*People* v. *Asamoto, supra*, 131 Cal.App.2d at p. 29.)

In view of the foregoing determination other matters discussed in the briefs do not require consideration in this court.

The judgment is affirmed.

Kingsley, Acting P. J., and McClosky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 11, 1981.