[No. B028496. Second Dist., Div. Seven. June 10, 1988.]

BASSETT UNIFIED SCHOOL DISTRICT, Plaintiff and Respondent,
v.
COMMISSION ON PROFESSIONAL COMPETENCE, Defendant
and Respondent;
DORIS ZIEMER, Real Party in Interest and Appellant.

1446

## COUNSEL

Reich, Adell & Crost, Glen Rothner and John Rubin for Real Party in Interest and Appellant.

Parker and Covert, Spencer E. Covert and Margaret A. Chidester for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

## OPINION

**LILLIE, P. J.**—Appellant Doris Ziemer is a permanent certificated employee of the Bassett Unified School District (District). In January 1985, District filed a written accusation seeking her dismissal for dishonesty, immoral conduct and evident unfitness for service. (Ed. Code, § 44932, subd. (a).)[1] District also immediately suspended her without pay. (§ 44939.) Ziemer demanded a hearing and the Commission on Professional Competence (Commission) determined no grounds for dismissal existed and ordered she should not be dismissed. District then sought and obtained a writ of mandate (Code Civ. Proc., § 1094.5) in the superior court commanding

---

[1] All statutory references are to the Education Code unless otherwise specified.

Commission to set aside its decision and to order Ziemer's dismissal from District's employment. Ziemer appeals.

Although we affirm that portion of the superior court judgment finding the existence of statutorily authorized grounds for dismissal (§ 44932, subd. (a)), we reverse the issuance of the writ as being premature inasmuch as the superior court failed to consider whether Ziemer's misconduct—measured against the *Morrison* criteria (*Morrison* v. *State Board of Education* (1969) 1 Cal.3d 214, 229-230 [82 Cal.Rptr. 175, 461 P.2d 375])—demonstrates unfitness to teach. (*Fontana Unified School Dist.* v. *Burman* (1988) 45 Cal.3d 208, 220, fn. 12 [246 Cal.Rptr. 733, 753 P.2d 689].) We remand for further proceedings consistent with the views expressed below.

FACTS

District's accusation against Ziemer, filed on January 17, 1985, alleges cause to dismiss her on grounds of dishonesty, immoral conduct and evident unfitness for service (§ 44932, subds. (a)(1), (3), (5)).[2] Ziemer was suspended without pay on January 17, 1985, and was notified District would dismiss her after 30 days unless she demanded a hearing before the Commission. (§ 44939.)[3] Ziemer demanded a hearing at which the following facts were presented:

During the 1983-1984 and 1984-1985 terms, District assigned Ziemer, an adult education business teacher, a 9:00 a.m. to 12:30 p.m. shift five days a week and a 6:30 p.m. to 9:30 p.m. shift on Tuesdays and Thursdays. Ziemer took paid sick leave from District during these entire two terms until her suspension on January 17, 1985. Ziemer suffers from a permanent illness, hypocalcemia, as a result of the surgical removal of her parathyroid gland. Symptoms she experiences include bone pain, irritability, and shakiness. Ziemer also suffers from anemia and peptic ulcer disease.

---

[2] Subdivision (a) of section 44932 states in pertinent part: "(a) No permanent employee shall be dismissed except for one or more of the following causes:

"(1) Immoral or unprofessional conduct.

". . . .

"(3) Dishonesty.

". . . .

"(5) Evident unfitness for service. . . ."

[3] Section 44939 states in part: "Upon the filing of written charges, . . . charging a permanent employee of the district with immoral conduct, . . . with willful refusal to perform regular assignments without reasonable cause, as prescribed by reasonable rules and regulations of the employing school district, . . . the governing board may, if it deems such action necessary, immediately suspend the employee from his duties and give notice to him of his suspension, and that 30 days after service of the notice, he will be dismissed, unless he demands a hearing. . . ."

District suspended Ziemer after learning in December 1984 that while she was on sick leave, she had taught adult education business classes during the 1983-1984 and 1984-1985 terms at Downey Adult School (Downey) on Mondays and Wednesdays, from 9:00 a.m. to 3:00 p.m., and also at Coast Community College District (Coastline) on Tuesday evenings from 6:30 to 9:30 p.m. District accused Ziemer of misusing her paid sick leave benefits since she was well enough to work at two other schools in a similar capacity during the same hours she was assigned to work at District.

Ziemer's defense was that she was too ill to work at District due to stress and extra travel required by the split shift, but was well enough to work at less stressful assignments at Downey and Coastline. However, her credibility was challenged by her failure to inform her physician, who believed she was not working, that she was working at Downey and Coastline, and by her attempt in the fall of 1983 to arrange a schedule to work mornings at District and afternoons at Downey, despite having to travel from District to Downey in a very short period of time.

Ziemer testified she had no intention of deceiving District, that she did not hide her other employment from District, and that District never inquired about her other employment. Ziemer relied on advice from Jacques Bernier, California Teachers Association field representative, and Sandy Paisley, association attorney, that nothing in the law or the collective bargaining agreement prevented her from taking paid sick leave from District while working at Downey. Paisley did not testify at the hearing, however, and Bernier admitted he knew of no other case where a teacher received sick leave pay from one district while teaching at another district during the same hours.

The three-member Commission panel unanimously found that Ziemer should be retained by District. Commission found Ziemer suffers from a painful, progressive bone disease that is "disabling to some extent not established." Although Commission explicitly refused to decide whether it was proper for Ziemer to have taken paid sick leave while working at two other similar teaching jobs, the panel concluded Ziemer had not acted immorally, dishonestly, or with evident unfitness for service. The panel decided that Ziemer had not lied about nor concealed her employment from District and that District had never asked Ziemer about other employment. In short, the panel blamed the teachers association for failing to advise Ziemer to make "a full and complete application to the District," and blamed District for failing to provide Ziemer with a sick leave application calling for "full details of her status." The panel concluded that had these things been done, "the problem could have been resolved one way or the other through the

grievance procedures established by the collective bargaining agreement, and these proceedings would have been unnecessary."

On mandamus review of Commission's decision, the superior court found the evidence in the administrative record established cause for Ziemer's dismissal for reasons stated in the accusation and that Commission abused its discretion. This appeal followed.

## ISSUES

Ziemer raises five issues on appeal: (1) the superior court erred in setting aside the Commission's finding of her honesty, which is supported by un-contradicted evidence and is entitled to substantial weight even under an independent judgment standard of review; (2) the superior court erred as a matter of law by failing to determine her fitness to teach under standards enunciated in *Morrison* v. *State Board of Education, supra,* 1 Cal.3d 214; (3) the District improperly circumvented the requisite 45-day notice period for charges of unprofessional conduct by using the labels of dishonesty, immoral conduct, and evident unfitness for service; and in any event she was entitled to have a chance to correct her faults to avoid dismissal; (4) Ziemer should be awarded attorney fees in the event we reverse; and (5) District's cost award should be reversed in the event we affirm.

## DISCUSSION

A. *The Superior Court's Finding of Dishonesty Is Supported by Substantial Evidence.*

■ The decision of the Commission may be challenged in the superior court by means of a petition for writ of mandate. (§ 44945; Code Civ. Proc., § 1094.5.) In reviewing the Commission's decision, the superior court exercises its independent judgment on the evidence. (§ 44945.) On appeal, we must sustain the superior court's finding if supported by substantial evidence. (*Pasadena Unified Sch. Dist.* v. *Commission on Professional Competence* (1977) 20 Cal.3d 309, 314 [142 Cal.Rptr. 439, 572 P.2d 53].)

Ziemer recognizes that the superior court's function in this case was to exercise its independent judgment on the evidence, but contends the superior court exceeded the scope of its function in reweighing the credibility of the witnesses, particularly of herself and of Bernier. She argues that because Commission, which heard all testimony and observed the demeanor of all witnesses, found her explanation of her lack of intent to deceive to be credible, and because the evidence regarding that explanation is *uncontra-*

*dicted,* the superior court had no authority to reweigh her credibility and reject her explanation. (See *David Kikkert & Associates, Inc.* v. *Shine* (1970) 6 Cal.App.3d 112, 116 [86 Cal.Rptr. 161].)

Initially, we cannot accept Ziemer's premise that the evidence was uncontradicted such that the superior court had no authority to reweigh her credibility. ■ A trial court may conclude a witness' testimony is so inherently incredible that it must be disregarded, even though there is no adverse testimony. (*Tom Thumb Glove Co.* v. *Han* (1978) 78 Cal.App.3d 1, 5 [144 Cal.Rptr. 30].) "A witness may be contradicted by the facts he states as completely as by direct adverse testimony, and there may be so many omissions in his account of particular transactions or of his own conduct as to discredit his whole story." (*La Jolla Casa deManana* v. *Hopkins* (1950) 98 Cal.App.2d 339, 346 [219 P.2d 871].)

Although one line of appellate decisions supports Ziemer's contention that the superior court has no authority to reweigh credibility (see, e.g., *David Kikkert & Assocs.* v. *Shine, supra,* 6 Cal.App.3d at p. 116; *Arenstein* v. *California State Bd. of Pharmacy* (1968) 265 Cal.App.2d 179, 186-187 [71 Cal.Rptr. 357]; *Kendall* v. *Bd. of Osteopathic Examiners* (1951) 105 Cal.App.2d 239, 245 [233 P.2d 107]), the continued validity of these authorities has been disputed. (*San Dieguito Union High School Dist.* v. *Commission on Professional Competence* (1985) 174 Cal.App.3d 1176, 1180 [220 Cal.Rptr. 351]; *Pittsburg Unified School Dist.* v. *Commission on Professional Competence* (1983) 146 Cal.App.3d 964, 977 [194 Cal.Rptr. 672]; *Guymon* v. *Board of Accountancy* (1976) 55 Cal.App.3d 1010, 1015 [128 Cal.Rptr. 137].) In a well reasoned opinion, the court in *Guymon* concluded for public policy reasons that the trial court rather than the agency has responsibility to determine the credibility of witnesses. (*Guymon* v. *Board of Accountanyc, supra,* 55 Cal.App.3d at p. 1016.)

■ We agree the superior court is " 'not bound by the findings of the Commission in exercising its independent judgment review [citation], and, . . . [is] free to make its own determination of the credibility of witnesses in the process.' [Citation.] As a matter of public policy where administrative adjudications are subject to the independent judgment test the responsibility to make factual determinations is left with the trial court rather than with the administrative agency. [Citation.]" (*San Dieguito Union High School Dist.* v. *Commission on Professional Competence, supra,* 174 Cal.App.3d at p. 1180.)

It was particularly appropriate and even necessary here for the superior court to weigh the credibility of the witnesses in view of Commission's

refusal to address the crux of District's accusations of immoral conduct, dishonesty, and evident unfitness—namely, the propriety of Ziemer's usage of paid sick leave while teaching at other schools in a similar capacity. ▮ Commission abused its discretion by avoiding this question by means of a "supplemental" finding that the "propriety of Mrs. Ziemer's usage of sick leave is an issue which is not before this Commission."

▮ After reviewing the record, the superior court found Ziemer's explanation of her conduct to be inherently improbable, in that no reasonable person could have believed it was proper to accept sick leave pay from District while being paid for working the same hours for Downey doing similar work. The superior court found Ziemer's conduct was "patently and obviously dishonest," and that "[a]ny reasonably competent person knows that you cannot receive compensation from two different employers for the same hours of work. One or both of the employers have to be defrauded unless, of course, they have agreed to jointly employ the employee in question."

Moreover, the superior court also found Bernier's testimony was inherently improbable due to omission of details concerning Bernier's exact knowledge of Ziemer's plan: "This court finds that it is incredible that individuals with the background of Mr. Bernier and Miss Paisley would give such advice in such a simplistic way concerning conduct that was potentially so dangerous to Miss Ziemer's reputation and career if Mr. Bernier and Miss Paisley were fully advised as to the details of the action planned by Mrs. Ziemer. [¶] Moreover there is nothing in the testimony before the Commission that really tells us exactly what Mrs. Ziemer said to Mr. Bernier and Miss Paisley or what they said to her on this subject. The testimony about the advice given was weak, general, and conclusionary, at best."

The superior court further concluded Ziemer, although ill with hypocalcemia, was not disabled because of illness from working at District under the terms of the collective bargaining agreement in effect between District and Bassett Teachers Association.[4] According to Dr. Walker's testimony, Ziemer subjectively felt hostile toward the environment at District and just

---

[4] The agreement specifies that the approved purpose of sick leave utilization "shall be for an illness, . . . which makes it impractical for the unit member to perform normal school duties . . . ."

The record also shows Ziemer misused personal necessity leave from District by taking such leave in order to work at Downey on September 14, 1983. The collective bargaining agreement defines personal necessity leave may be taken "for compelling personal circumstances that are serious in nature, which cannot be expected to be disregarded, and which necessitate immediate attention and cannot be dealt with during off-duty hours. . . ."

did not want to return there. She had none of those negative feelings toward Downey, where she functioned capably, and she was not emotionally or mentally ill. The superior court concluded "Ziemer obviously did not have the sincere belief she could not [work] since she did, in fact, work for the Downey District doing the same type of work during the same hours she was supposed to be doing that work for Bassett. She could work because in fact she did so. Hence, she was not disabled."

Although Ziemer's brief contains a lengthy recitation of the evidence that explains her state of mind, it would serve no useful purpose to burden this opinion with a lengthy recital of the evidence. It suffices to say that the finding that Ziemer acted dishonestly in taking paid sick leave from District for the 1983-1984 and 1984-1985 terms is supported by convincing credible evidence.

Accordingly, the superior court's finding of dishonesty is supported by substantial evidence. We affirm the portion of the judgment setting aside the Commission's decision finding Ziemer had acted honestly.

B. *Unfitness to Teach.*

■ Ziemer contends the superior court committed reversible error by failing to consider whether she is unfit to teach. (*Morrison* v. *State Board of Education, supra,* 1 Cal.3d 214, 229.) We agree. (*Fontana Unified School District* v. *Burman, supra,* 45 Cal.3d at p. 220, fn. 12.)

*Morrison* v. *State Board of Education, supra,* 1 Cal.3d 214, held that where charges of immorality or unprofessional conduct are raised in teacher discharge cases, the applicable standard is whether the person is fit to teach. (*Id.,* at p. 229.) "The terms 'immoral' or 'unprofessional conduct' have been held to be too vague, standing alone, and must be applied to a specific occupation and given context by reference to fitness for the performance of that occupation. [Citation.]" (*Board of Education* v. *Commission on Professional Competence* (1980) 102 Cal.App.3d 555, 560 [162 Cal.Rptr. 590].) The Supreme Court in *Morrison* has delineated the factors that are to be analyzed in determining fitness: (1) likelihood of recurrence of the questioned conduct; (2) the extenuating or aggravating circumstances, if any; (3) the effect of notoriety and publicity; (4) impairment of teacher-student relationships; (5) disruption of educational process; (6) motive; (7) proximity or remoteness in time of conduct. (*Morrison* v. *State Board of Education, supra,* 1 Cal.3d at p. 230.)

During the pendency of this appeal, the California Supreme Court indicated that the *Morrison* criteria apply to teacher dishonesty cases as well as

immoral or unprofessional conduct cases. (*Fontana Unified School District v. Burman, supra,* 45 Cal.3d at p. 208, fn. 12.) The Supreme Court stated: "Although *Morrison* concerned itself only with the proper definition of 'immoral or unprofessional conduct,' its analysis requires an identical approach to an attempt to discipline a permanent employee on grounds of dishonesty, as here. Dishonest conduct may range from the smallest fib to the most flagrant lie. Not every impropriety will constitute immoral or unprofessional conduct, and not every falsehood will constitute 'dishonesty' as a ground for discipline." (*Ibid.*)

The issue of Ziemer's fitness under *Morrison* was extensively briefed and litigated at the administrative hearing below. However, the superior court's statement of decision made no mention of Ziemer's fitness to teach under the *Morrison* criteria or under any other standard. Although the court upheld the statement of written charges, which included the one of evident unfitness for service, it is apparent that the court's finding on this ground was a conclusion drawn from its finding of dishonesty, as was its finding of immoral conduct: "The preponderance of the evidence establishes that Mrs. Ziemer's conduct complained of in the accusation was dishonest and for that reason immoral and indicates evident unfitness for service."

It is clear from *Fontana* and other decisions following *Morrison* that the acts constituting immoral conduct and dishonesty under section 44932, subdivision (a), do not constitute, per se, unfitness to teach. (See, e.g., *Board of Education* v. *Commission on Professional Competence, supra,* 102 Cal.App.3d 555 (teacher who made false bomb threat during teacher's strike not found unfit to teach and hence not dismissed). We leave it for the superior court to decide the numerous disputed questions determinative of the ultimate issue of fact of Ziemer's fitness to teach. (*Board of Education* v. *Jack M.* (1977) 19 Cal.3d 691, 698, fn. 3 [139 Cal.Rptr. 700, 566 P.2d 602].[5]

We therefore reverse that portion of the judgment ordering Ziemer's dismissal. We remand the cause for further proceedings in the superior court on the issue of her fitness to teach in accordance with the views set forth herein.

---

[5] In *Board of Education* v. *Jack M., supra,* 19 Cal.3d at p. 698, fn. 3, the Supreme Court noted that appellate decisions following *Morrison* v. *State Board of Education, supra,* 1 Cal.3d 214, classify fitness as a question of ultimate fact. The Supreme Court stated in *Board of Education* v. *Jack M., supra,* 19 Cal.3d at p. 698, fn. 3, that "fitness to teach is probably a question of ultimate fact." We conclude that here, the question of fitness is one of ultimate fact because the facts are disputed as to whether the charged acts were unknown to students and fellow teachers, and that Ziemer's continued employment would not risk harm to students or teachers.

We address the remaining issues raised by Ziemer for the guidance of the court and parties.

## C. *45-day Notice Period*.

■ Ziemer contends District circumvented the requisite 45-day notice period of section 44938, subdivision (a), concerning charges of unprofessional conduct, by using the "convenient labels" of dishonesty, immoral conduct, and evident unfitness to teach, rather than by properly alleging unprofessional conduct.[6] (See *Livermore Valley Joint Unified Sch. Dist.* v. *Feinberg* (1974) 37 Cal.App.3d 920 [112 Cal.Rptr. 923].) This contention is meritless.

Ziemer's position is premised on her insistence that she acted honestly, and hence she can at most be accused of unprofessional conduct, for which notice is required under section 44938. As discussed above, however, we affirm the portion of the superior court judgment setting aside Commission's decision that she acted honestly. By its terms, section 44938's notice requirement does not apply to any other cause for dismissal specified in section 44932. (§ 44938, subd. (c).) Accordingly, no notice was required here under section 44938.

Nor is notice required as Ziemer argues under *Livermore Valley Joint Unified Sch. Dist.* v. *Feinberg, supra,* 37 Cal.App.3d 920. In *Livermore,* the court discussed a predecessor statute to section 44938, and determined that a charge of unprofessional conduct brought under former section 13403.5 was subject to the notice requirements of former section 13407, even though former section 13407 by its terms only applied to charges of unprofessional conduct brought under former section 13403. The court stated: "Because neither section 13403, subdivision (a), nor section 13403.5 defines or expands in any way upon the term 'unprofessional conduct,' nor describes nor details the acts constituting such conduct, it is impossible to distinguish the 'unprofessional conduct' referred to in one section from that in the other. Hence, the limitation of section 13404.5 to 'unprofessional conduct consisting of acts or omissions other than those specified in section 13403' is meaningless." (*Id.,* at p. 922.)

---

[6]Subdivision (a) of section 44938 states in part: "The governing board of any school district shall not act upon any charges of unprofessional conduct unless at least 45 calendar days prior to the date of the filing, the board or its authorized representative has given the employee against whom the charge is filed, written notice of the unprofessional conduct, specifying the nature thereof with such specific instances of behavior and with such particularity as to furnish the employee an opportunity to correct his or her faults and overcome the grounds for such charge . . . ."

In contrast to *Livermore,* the principal charge here is dishonesty, which does not require notice. (§ 44938, subd. (c); *Pittsburg Unified School Dist.* v. *Commission on Professional Competence, supra,* 146 Cal.App.3d at p. 975.) In the *Pittsburg* decision, the court found it doubtful that notice would have served any purpose because the charge was based on receiving stolen property. Contrary to Ziemer's assertion that she could have corrected her conduct if given notice, we conclude where dishonesty is involved, notice "would not serve the purpose of section 44938, which is to allow a permanent employee the chance to correct his or her conduct and thus overcome grounds for the charge." (*Ibid.*)

Even the decision relied on by Ziemer, *Fresno City H.S. Dist.* v. *De Caristo* (1939) 33 Cal.App.2d 666, 674-675 [92 P.2d 668], recognizes that notice would serve no useful purpose in cases of dishonesty: "It is rather clear that the stigma of recognized immorality, known dishonesty, conviction of a felony or of a crime involving moral turpitude, or of guilt of criminal syndicalism or sedition could not be removed by ninety days' good behavior." (*Id.,* at p. 674.)

Accordingly, no notice was required under section 44938, subdivision (a).

D. *Attorney Fees and Administrative Hearing Costs.*

 With respect to costs and attorney fees in certificated employee dismissal proceedings by a school district, section 44944, subdivision (e) governs. That subdivision, which awards costs and fees according to whether the employee is dismissed or retained, provides in pertinent part: "If the Commission on Professional Competence determines that the employee should not be dismissed, . . . the governing board shall pay the expenses of the hearing, . . . and reasonable attorney fees incurred by the employee." But subdivision (e) also provides in that in the event the Commission determines that the employee should be dismissed, hearing expenses are equally shared by the governing board and employee, and each party shall pay its own attorney fees.

In the instant case, it will not be determined whether Ziemer is in fact to be retained until the final appeal, if any, is exhausted following the remand of this cause to the superior court. We construe section 44944, subdivision (e) to allow for recovery by Ziemer of expenses, including attorney fees, at all stages of the litigation process if she ultimately prevails. (*Board of Education* v. *Commission on Professional Competence, supra,* 102 Cal.App.3d at p. 566.)

In the event District ultimately prevails and Ziemer is dismissed, District and Ziemer shall pay their own attorney fees and shall share equally the expenses of the Commission hearing, including the cost of the administrative law judge. (§ 44944, subd. (e).) Section 44944, subdivision (e) provides that in the event the District obtains a final reversal of the Commission's decision to reinstate the employee, then the District, having paid its portion and the employee's portion of the expenses of the hearing, shall be entitled to reimbursement from the employee for that portion of the expenses.

Ziemer contends that if District ultimately prevails, District's cost award must be limited to half the costs of the Commission hearing, and may not include superior or appellate court costs. Ziemer argues that District's costs incurred to transcribe the hearing and to copy exhibits for transmittal to the superior court are not recoverable as Commission hearing expenses. We agree, and construe the statute to require District, should it ultimately prevail, to bear its own costs incurred at the superior and appellate court levels.

Inasmuch as neither party may at this point be deemed the prevailing party, we cannot now make a final award of costs and attorney fees on appeal. In the event Ziemer is dismissed from employment, each party shall bear its own costs and attorney fees on appeal. But in the event Ziemer is retained, Ziemer is entitled to recover attorney fees and costs on appeal (*Board of Education* v. *Commission on Professional Competence, supra,* 102 Cal.App.3d at p. 566), and the superior court shall determine the costs and reasonable attorney fees incurred by Ziemer in this appeal.

### DISPOSITION

That portion of the judgment ordering the dismissal of Ziemer is reversed and the cause remanded to the superior court for further proceedings on the issue of her fitness to teach, in accordance with the views set forth herein. In all other respects the judgment is affirmed. Costs are to be awarded in accord with the views expressed in the last paragraph of the opinion.

Johnson, J., and Reese, J.,* concurred.

* Assigned by the Chairperson of the Judicial Council.